## SOULE *et al. v.* DAWES.

In a chancery case, where all the proofs are in, and the case fully before the lower, and the Appellate Court, the judgment of the latter is conclusive, where it

passes upon the merits of the controversy; and on the reversal of the decree below, that Court can take no further proceedings, unless authorized by the Appellate Court, except such as are necessary to give effect to its judgment; the whole matter is *res adjudicata.*

For extra work on a building by the Contractor, in pursuance of a general provision in the contract for extra work, at the will of the owner, there may be a lien on the property, as against a mortgage, given by the owner before the extra work was commenced, provided the work was done with the knowledge of the mortgagee, and without objection from him.

APPEAL from the Fourth District Court.

*J. B. Hart,* for Appellant, cited : *Ritter* v. *Stevenson,* 11 Cal.; *Gunter* v. *Laffan,* 7 Id. 588.

*Shattuck, Spencer & Reichert,* for Respondents, cited : *Stearnes* v. *Aguirre,* 7 Cal. 443; *Phelan* v. *Supervisors,* 8 Id. 15, to the point, that judgment of reversal, by the Supreme Court, does not preclude a trial, *de novo,* or further proofs.

Upon the merits they argued : that plaintiffs were entitled to nineteen hundred and nineteen dollars, as extra work, on the ground, that it was provided for in the contract between Howard, and Wilbor, and Dawes; and that Ritter, the mortgagee, assented to it; and that this claim for extra work was not adjudicated in the opinion in 7 Cal. 576, because, there was nothing in the record upon that question.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This case was before this Court at the April Term, 1857. It was a chancery case, brought to enforce a mechanic's lien on certain real estate in San Francisco, and one Ritter was made a party, who claimed an interest in the subject of litigation, by virtue of a mortgage for a large amount of money. The whole case was fully presented on the proofs. This Court, upon the pleadings and proofs, decided that the lien of Ritter was paramount to the claim of the plaintiffs, predicated upon the mechanic's lien. The case is reported in 7 Cal. 576. The judgment of the lower Court was reversed. There was no order remanding the case, or any order for, or intimation of, a right or privilege of retrial. The judgment of this Court, on appeal, was upon the whole record, and finally settled the rights of the parties.

Afterward, on the return of the *remittitur*, the whole case was retried against the objection of Ritter, the Appellant, and a decree rendered against him.

In a chancery cause, where all the proofs are in, and the case fully before the lower and the Appellate Court, the judgment of the latter is conclusive, when it passes upon the merits of the controversy so presented; and upon the reversal of the decree below, that Court can take no further proceedings, unless authorized by the Appellate Court, except such as are necessary to give effect to the judgment of this Court. The whole matter becomes *res adjudicata* by the judgment of this Court upon the merits. A contrary doctrine would be fraught with evil consequences. There must be an end of litigation at some period, and when a party has fully presented his case, and the Courts pass upon it as presented, and determine it upon the merits, the decision is final; leaving to the inferior Court nothing to do but to give effect to the decision. If the case after this, without the permission of this Court, were to be reopened upon the facts, it would be a premium for perjury; since the losing party here having been apprised of what it was necessary to prove, would be tempted to supply any want of failure of proof by the needed testimony; or to supply facts in avoidance of the legal propositions announced.

In this case, the cause was reversed. It was remanded, not for the purpose of retrial, but only to enable the Court below to give effect to the decision here made.

This doctrine was expressly announced in the case of *Gunter* v. *Laffan.*

The judgment below is reversed, and the cause remanded, with instructions to the District Court to enter judgment in accordance with the former opinion of this Court.

Ordered accordingly.

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

After the oral arguments and written briefs, we adhere, in substance, to the conclusion to which we came in our former opinion. The judgment of this Court in this case, (reported in 7 Cal. 567,) settled the equities of these parties as to the matters

passed upon by that judgment. There appears to have been no express assent to, but on the contrary a protest against, the opening of the cause anew, and a new trial of the law and facts adjudicated heretofore in this Court. Whether that judgment be correct or not, it is now *res adjudicata.*

But we do not find that the former judgment embraced the nineteen hundred dollars charged as extra work, but only the mechanic's lien and the mortgage, independently of this charge. If the Contractors did the work, with the knowledge of Ritter, and after Ritter's mortgage, and Ritter interposed no objection, then we think, under the contract between Howard, and Wilber, and Dawes, it would, in equity, be a charge upon the mortgaged property. Otherwise, it would not. It would be a very dangerous doctrine to hold, that a Contractor might make a vague general agreement providing for additions to the work specified in the contract at the will of the owner of the building, and thus give to these parties, after a sale or mortgage of the former owner, a right to encumber the property to any extent after such sale or mortgage. The mortgaged property might be rendered wholly valueless to the mortgagee by holding a right to enter into such contracts, in pursuance of a vague general provision of this sort, after the property had changed hands or was mortgaged.

Judgment reversed and cause remanded, for the purpose of determining this sole question according to the principles of this opinion.

Ordered accordingly.