M. ARGENTI, EXECUTRIX OF THE LAST WILL OF F. ARGENTI, DECEASED *v.* E. D. SAWYER, JUDGE OF THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT.

JUDGMENT OF DISTRICT COURT BY DIRECTION OF SUPREME COURT.—If the Supreme Court directs the District Court to enter a judgment in a case in particular form, the District Court has no authority to enter a different judgment from that directed, even if the judgment directed to be entered fails to give the party what was justly or legally his due.

LAW OF CASE.—A decision of the Supreme Court in a case becomes the law of that case in all its stages.

APPLICATION to the Supreme Court for writ of mandate.

The facts are stated in the opinion of the Court.

*John B. Felton*, for Petitioner.

*Horace Hastings*, for Defendant.

By the Court, RHODES, J. :

In the case of *Argenti* v. *The City of San Francisco*, reported in 30 Cal. 458, this Court made the following order : "Judgment reversed, and all proceedings subsequent to the entry of the cause on the calendar of the District Court set aside and the Court directed to enter judgment for the plaintiff for the amount due upon the contracts to be ascertained by computing the amount of the warrants set out in the complaint, which were drawn in favor of F. Argenti or bearer, together with legal interest on the amount from the date of the warrants, and to enter judgment for costs as above indicated." When the cause was called in the District Court, the plaintiff moved that judgment be entered striking out of the original judgment of April, 1857, the amount of the warrants unsupported by any contract; and for the amount due on the contract set up in the complaint, as determined by the warrants made payable to F. Argenti or bearer, attached to the complaint, and with interest on said modified judgment from April, 1857, at the rate of ten per cent per annum— that is to say, the original claim to bear interest from September, 1854, till April, 1857, and then the amount of both principal and interest to bear interest to the present time at the same rate. The motion was denied, and the Court directed judgment to be entered in accordance with the order of this Court above cited. This proceeding was instituted to compel the Judge of the District Court to enter judgment in accordance with the plaintiff's motion.

The District Court was clearly right in denying the plaintiff's motion and ordering judgment as was done. It had no authority to enter a different judgment. The duty of that Court was simply to enter a judgment in conformity with the order of this Court. That order is decisive of the character of the judgment to which the plaintiff is entitled. It is therefore unnecessary to consider whether the original judgment should have been ordered to be modified, or whether the plaintiff was entitled to interest upon interest, or whether the

judgment of this Court would have been modified if it had been asked for in proper time, so as to give interest upon the interest that had accrued up to April, 1857. The judgment of this Court concludes the parties, and it is too late now to change it, and certainly the District Court has no authority to modify, change or disregard it in any respect, even admitting that with regard to the interest it fails to give the plaintiff' what was justly or legally his due.

Mandamus denied.

Neither Mr. Justice SAWYER nor Mr. Justice SHAFTER expressed any opinion.