[No. 7,164.—Department Two.]

## MATHEW KELLER v. CARRIE S. LEWIS ET AL.

BILL OF EXCEPTIONS.—The bills of exceptions, appearing in the transcript, striken out, because it does not appear therefrom that it was either settled or allowed by the Court.

LAW OF THE CASE — VENDOR AND VENDEE — SUPPLEMENTAL PLEADINGS.— *Held*, that the opinion of this Court, on a former appeal, and its direction that the Court below render judgment in accordance with the views therein expressed, became the law of the case; that the Court below had but to follow the direction thus given; and that it had no authority to open the case for the purpose of permitting supplemental pleadings to be filed, setting up matters occurring after the former judgment.

APPEAL from a judgment for the plaintiff, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

One of the bill of exceptions referred to in the opinion was as follows:

" Be it remembered, at nine o'clock A. M., of this 21st day of March, 1879, the defendants moved the Court for leave to file a supplemental cross-complaint and answer in this case; but the Court refused to permit the same to be filed, on the following grounds: For the reason that the Court has no discretion left to open the case anew, but simply to obey the decision of the Supreme Court.

" Whereupon the defendants excepted. The supplemental cross-complaint and answer offered to be filed are hereunto attached, as part of this bill of exceptions.

"SEPULVEDA, Judge."

The other is in the same form, and contains the objections of the defendants to the entry of judgment, with the rulings of the Court thereon, and exceptions. The former appeal is reported in *Keller* v. *Lewis*, 53 Cal. 112.

*Glassell, Chapman & Smiths*, for Appellants.

The judgment of the Supreme Court was, that the judgment *and order denying a new trial* be reversed. This " placed the case, in point of mere procedure to be followed, in the same relation as though the Court below had itself directed a new trial." (*Irwin* v. *Towne*, 43 Cal. 23, 24) That it was the intention of the Supreme Court to order a new trial, appears also from the fact that its judgment is expressly based upon "the circum-

stances of the case as presented by the pleadings *and the evidence.*"

The matters set up in the supplemental answer materially varied the rights of the parties; and having occurred after the judgment appealed from, had not been passed upon by the Supreme Court. That Court could only adjudicate the rights of the parties as they stood at the date of the judgment appealed from. It did not and could not adjudicate as to the future dealings.

The bills of exceptions were presented at the time of the ruling, and are governed by the provisions of § 649, Code of Civil Procedure, and not by those of § 650. Even if under the latter section they are sufficiently authenticated.

*Brunson & Wells,* for Respondent.

The bills of exceptions are not *certified* as by law required. " When settled, the bill must be signed by the judge or referee, *with his certificate, to the effect that the same is allowed,* and shall then be filed with the clerk." (Code Civ. Proc. §§ 650–659, subd. 3; *Doyle* v. *Seewell,* 12 Cal. 425 ; *Cosgrove* v. *Johnson,* 30 id. 509; *Linn* v. *Twist,* 3 id. 89 ; *McCartney* v. *Fitz Henry,* 16 id. 184.)

The judgment here appealed from is in accordance with the directions of this Court, and the Court below had no authority to enter a different judgment from that directed. (*Argenti* v. *Sawyer,* 32 Cal. 414; *Argenti* v. *City of San Francisco,* 30 id. 461; *McMillen* v. *Richards,* 12 id. 467.)

MYRICK, J.:

The complaint of plaintiff alleged, that on the 25th of March, 1872, plaintiff was seized in fee of certain described premises, and on that day made a contract with defendant C. S. Lewis, for the sale and conveyance to her of said premises for $35,000, one-third payable in cash, and the balance on June 6th, 1872 ; that the first installment was paid, but defendant failed to pay the balance ; that said defendant took possession of the premises, and afterwards abandoned the land and contract. And plaintiff prayed judgment of forfeiture of the contract, that plaintiff's title be quieted against it, and that defendants be debarred from asserting any claim to the land or money paid.

The answer denied that defendant Lewis ever acquired possession, but admitted that she partly acquired possession, and was prevented for acquiring exclusive possession by the presence of adverse claimants; alleged willingness to complete the contract, but that she was prevented by the adverse claims; set up matters for the purpose of defeating plaintiff's action, and to entitle defendants either to rescind or to insist on the contract, at their option, and the defendants filed a cross-complaint alleging the same matters.

The Court below, after hearing the case, filed findings, and rendered judgment for plaintiff, as prayed for in his complaint. Defendants moved for a new trial, which was denied, and they appealed. On such appeal, this Court, in its opinion (see opinion filed July 16th, 1878), held, that "the decree of the District Court should have fixed a day within which the defendants should pay the balance due upon the contract, and costs, etc., or be forever foreclosed of all right or interest in the lands, or to a conveyance thereof," and this Court at the foot of said opinion made the following order: "Judgment and order reversed, and cause remanded, with directions to the Court below to render a decree in accordance with the views herein expressed."

Upon the going down of the remittitur, the Court below made and entered its order and decree, March 21st, 1879, reciting the matters of the hearing, findings, decree, appeal, and the judgment of this Court and remittitur, and adjudged and decreed, in accordance with the decision and judgment of the Supreme Court, that within sixty days from that day, that is to say, on or before May 19th, 1879, the defendants pay to plaintiff the balance due on the contract, to wit, $23,333.33, and interest from March 25th, 1872, to date of payment, at the rate of ten per cent. per annum, and $122.75, plaintiff's costs; or in case of failure of such payment, it was adjudged and decreed that defendants, from and after said 19th of May, 1879, be forever barred and foreclosed of all right or interest in the land, and the moneys paid under said contract. It was further adjudged, that defendants take nothing by reason of their cross-complaint. The present appeal was taken by defendants from the judgment of March 21st, 1879.

Two bills of exceptions appear in the transcript, but it does

not appear therefrom that either was settled or allowed by the Judge. At the argument in this Court, October 22nd, 1880, the appellants produced the certificate of the Judge, dated on that day, to the effect that the first bill of exceptions was presented to him at the time of the ruling therein referred to, and was then settled and allowed by him; but this certificate does not aid the appellants. Section 650, Code of Civil Procedure, requires that the bill be certified as allowed *before* filing. In this case, the bills had been filed, the appeal taken, the argument on the appeal commenced, and the motion to strike out the bills made, before a certificate that the bill had been allowed was produced. The motion to strike out the bills must be granted.

Notwithstanding the granting of the motion to strike out, we will add, that we have examined the case as attempted to be presented by the bills of exceptions, and find therein no cause for interfering with the judgment of the Court below. The defendants seem to have been of opinion, that when this Court had, on the former appeal, reversed the judgment of the Court below, giving the reasons therefor, and directed that Court to render a decree in accordance with the views expressed, they were entitled to frame new issues by filing a supplemental cross-complaint and answer, and have a new trial. The Court below refused to permit the supplemental cross-complaint and answer to be filed, and denied a new trial, for the reason that "the Court had no discretion left to open the case anew, but simply to obey the decision of the Supreme Court." We fully agree with the Court below in that view. The opinion of this Court, and its direction that the Court below render judgment in accordance with the views therein expressed, became and is the law of this case; and the Court below had but to follow the direction thus given.

We are asked to award damages on this appeal. We cannot say that the appeal was taken for *delay*, however mistaken the appellants may have been as to the effect of the former decision. We therefore deny the application.

Judgment affirmed.

SHARPSTEIN, J., and McKINSTRY. J., concurred.