[No. 6,995.—Department One.]
JOHN HEINLEN v. CALVIN MARTIN ET AL.

LAW OF THE CASE—TRIAL.—Upon a former appeal it was determined upon the pleadings and findings in the case, that plaintiff was the equitable owner of five undivided sixths of the land in dispute, and entitled to a conveyance of that interest from the defendants, and to the rental value of the land from the commencement of the action; and the cause was remanded to the lower Court, with an order to modify its judgment in accordance with the opinion.

*Held:* The entry of such a judgment as was ordered was the only duty devolved upon the lower Court, and that a new trial was not necessary.

ID.—The judgment of this court upon an appeal, whether right or wrong, becomes the law of the case for all subsequent proceedings in it, and is a final adjudication, from the consequence of which the Court can not depart.

APPEAL from a judgment for the plaintiff, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

A petition for rehearing was filed and denied.

*Houghton & Reynolds,* for Appellants.

The reversal of an order refusing a new trial necessarily grants one. (*Irwin* v. *Towne,* 42 Cal. 335.) The decision of the Supreme Court was conclusive upon the Court below only to the extent of the issues tried by the latter. (*Soule* v. *Dawes,* 14 id. 249; *French* v. *Edwards,* 21 Wall. 147; *Ex parte French,* 91 U. S. 426.) It would be different if the order refusing a new trial had been affirmed, and the court below ordered to modify its judgment.

*G. A. Heinlen,* and *Moore, Laine & Johnston,* for Respondent.

McKEE, J.:

This case arises out of an action for the specific performance of a contract for the conveyance of a tract of land, and for the recovery of the rents and profits of the same.

By a decree in the action, rendered January 23d, 1873, the plaintiff was adjudged entitled to a conveyance from the defendants of the interests of certain heirs, under whom he claimed title, and to the rents and profits of the land from

November 27th, 1868; but from the decree and from an order denying their motion for a new trial the defendants appealed to the late Supreme Court, where, at the hearing of the appeal, it was determined, upon the pleadings and findings in the case, that the plaintiff was the equitable owner of five undivided sixths of the land in dispute, and entitled to a conveyance of that interest from the defendants, and to the rental value of the land from the commencement of the action, and the Court reversed the decree and order appealed from, and remanded the cause to the lower Court, with an order to modify its judgment in accordance with the opinion. On April 5th, 1879, that court entered a decree, according to the opinion delivered by the Supreme Court, from which the present appeal is prosecuted; and the appellant contends that the decree is erroneous, because it was rendered and entered without a retrial of the case.

But no new trial was ordered, and none was necessary; for the Supreme Court had determined the rights of the parties, and that determination was a final adjudication of the case itself, which only required to be embodied in form by the entry of a proper judgment in the lower Court, to make it enforceable. The entry of such a judgment was the only duty devolved upon the Court, under the mandate of the Supreme Court. (*Keller* v. *Lewis,* 56 Cal. 466.) If upon the going down of the remittitur from the Supreme Court the lower Court had retried the case, and upon such new trial had rendered a judgment, it would have been void. (*Argenti* v. *San Francisco,* 30 Cal. 460.)

It is, however, urged that the opinion of the Supreme Court was not a final adjudication of the case, because there was no finding by the lower Court upon an issue presented in the case, as to the time when the defendants acquired the rights which they claimed. If there had been, it is urged, there would have been found that their rights had accrued three days before the plaintiff acquired his equitable interest in the land by the deed, which was passed upon by the Supreme Court; and in the absence of a finding upon the issue, the defendants' rights were not considered and determined, and therefore the opinion of the Supreme Court in the case can not be final and conclusive against the defendants.

In the original record on appeal there appears to have been no assignment of error, that the lower Court failed to find upon any material issue in the case. Presumably, therefore, the findings of the case covered all the issues, and their consideration, in connection with the pleadings in the case, involved an adjudication of every question pertaining to the rights of the parties to the property in controversy, which has now passed beyond challenge. Whether that judgment was right or wrong, it became the law of the case for all subsequent proceedings in it. As Mr. Justice Field said in *Phelan* v. *San Francisco* (20 Cal. 39), "it is more than authority. It is a final adjudication, from the consequences of which the Court can not depart, nor the parties relieve themselves." See also *Jaafe* v. *Skae*, 48 Cal. 541.

Judgment affirmed.

McKINSTRY, J., and ROSS, J., concurred.