[No. 13859.  Department Two. — December 24, 1891.]

MARTIN CHAFOIN, RESPONDENT, v. A. G. RICH ET AL., DEFENDANTS. MICHEL DUBS, APPELLANT.

ACTION ON NOTE — APPEAL — REMITTITUR — ENTRY OF JUDGMENT IN COURT BELOW — FINDING OF AMOUNT DUE. — Where the appellate court, upon an appeal from a judgment in an action upon a promissory note, reversed the judgment and remanded the cause, with directions to the trial court to enter judgment against a joint maker of the note on the findings, a judgment reciting that the cause came duly before the court, and that the attorney for the plaintiff presented the *remittitur* from the appellate court, whereby it appeared, etc., "and it now appearing to the court, upon and from due and legal proofs, that there is now due and owing upon the promissory note" the amount of principal and interest found due at that time, and decreeing judgment in accordance therewith, does not show a new trial of the cause, or the entry of a different judgment from that ordered by the *remittitur*.

ID. — LIABILITY OF JOINT MAKER FOR ACCOMMODATION — INTEREST — MERGER IN JUDGMENT. — As between a joint maker of a note for accommodation of the other maker and the payee of the note, the accommodation maker is obligated to pay the note in full, and he is liable to pay interest at the stipulated rate until merged in a judgment against himself, and he cannot insist that the judgment should be the same as against the other maker, who did not appeal from a judgment rendered against him, if the judgment against the accommodation maker was delayed by his persistent fighting of the case to the last in the courts.

ID. — COMPUTATION OF INTEREST PAYABLE SEMI-ANNUALLY. — The holder of a promissory note which by its terms makes the interest due semi-annually is entitled, if the note should be paid or sued upon intermediate the half-year, to the full stipulated interest up to the date of payment or of judgment rendered in the action.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion.

*W. R. Daingerfield, E. F. Fitzpatrick,* and *J. S. Wallis,* for Appellant.

*George W. Fox,* for Respondent.

BELCHER, C. — This is an action upon a promissory note which reads as follows:—

"$4,000.                    MAYFIELD, June 16, 1883.

"Three months after date, we promise to pay to the order of Martin Chafoin four thousand dollars, at two per cent per month from date. Value received. Interest to be paid semi-annually.      "A. G. RICH.
                              "MICHEL DUBS."

The defendants answered to the complaint separately. Defendant Dubs, by his answer, denied that he executed the note for a good and valuable consideration, or for any consideration whatever, or that he was indebted to the plaintiff, for or on account of the note, in the sum due thereon, or in any sum; and he averred that he signed the note only as a surety for defendant Rich, and at the time was known by the plaintiff to be a surety, and was received and accepted by him as such; that plaintiff failed and neglected to present the note to Rich for payment at or about the time it became due, and failed and neglected to notify him, Dubs, of its non-payment, until about the month of February, 1884. Wherefore he prayed that plaintiff take nothing as against him.

After trial, the court found the facts to be as alleged by Dubs, and accordingly rendered judgment against Rich for the principal of the note, and the interest thereon computed up to that time, making $5,778.67, and in favor of Dubs for his costs.

From this judgment in favor of Dubs, the plaintiff appealed to this court, where the judgment was reversed, and the cause remanded, with directions to the court below to enter judgment against the respondent on the findings. (*Chafoin* v. *Rich*, 77 Cal. 476.)

The *remittitur* in the case was filed in the court below, January 12, 1889, and on the same day judgment was entered by that court in favor of the plaintiff and against Dubs for the sum of $9,349.16, besides costs, that being the amount found due on the note for principal and interest, computed at the rate named therein up to the

time of such entry. From the judgment so entered, this appeal is prosecuted by Dubs.

The judgment recites that the cause came duly before the court on the twelfth day of January, 1889, and that the attorney for plaintiff presented to the court the *remittitur* from the supreme court, whereby it appeared, etc.; "and it now appearing to the court, upon and from due and legal proofs, that there is now due and owing upon the promissory note set out in plaintiff's complaint, from said defendant Michel Dubs, to the plaintiff, for principal, the sum of $4,000, and for interest, the sum of $5,349.16, aggregating $9,349.16, and that plaintiff is now entitled to judgment therefor, with costs. Wherefore, by reason of the law and the premises, it is ordered, adjudged, and decreed," etc.

Appellant contends that this shows a new trial of the case, and not the entry of a judgment on the findings as directed by the *remittitur*, and hence that the judgment was not erroneous or voidable merely, but absolutely void; citing *Mulford* v. *Estudillo*, 32 Cal. 139, and Hayne on New Trial, sec. 299.

It is true that where the supreme court directs a particular judgment to be entered, the court below must not retry the cause, but must enter the judgment directed, and the entry of a different judgment is void. But we fail to see how the rule applies to this case. As we read the recitals of the judgment, the court did not retry the cause, or attempt to do so, but simply found the amount then due on the note, and entered judgment therefor as it understood the *remittitur* to direct.

It is also contended that appellant being a surety, no greater sum could be demanded or recovered from him than was due from his principal, and that the *remittitur* should have been construed as directing the entry of judgment for such sum only as was shown by the findings to be then due from Rich, with interest thereon at the rate of seven per cent per annum from the time the first judgment was entered. But as between plaintiff and appellant, the latter was a maker of the note, and

was obligated to pay it in full. As against him the note continued to be a binding obligation, and to draw interest at the stipulated rate until it was merged in the last judgment.

He might have paid the note before suit was brought, or might have paid the judgment against Rich. after the judgment in his own favor was reversed, and thus not only have relieved himself from further liability, but have placed himself in a position where, being a surety for Rich, he could have recovered back from him the money paid. He chose not to do this, however, but preferred to fight the matter out to the last in the courts, and whatever increased loss he may now sustain must be attributed to his own obstinacy and bad judgment.

It is further contended that each judgment was given for a sum in excess of what was then due; that as the note was payable three months after its date (June 16, 1883), and the interest was to be paid semi-annually, the installments of interest only became due on the sixteenth days of December and June following; that when the first judgment was rendered, on April 23, 1885, the interest from December 16, 1884, was not due, and should not have been included, as it was; and when the second judgment was rendered, on January 12, 1889, the interest from December 16, 1888, was not due, and should not have been included. We see nothing in this point. When the note was made, it was evidently contemplated that the holder would permit it to remain unpaid for a considerable time, provided the interest should be paid at the end of each half-year. But there is nothing in this to indicate that if the note should be paid or sued upon intermediate the half-year, the full interest up to that date would not be due and payable.

We think the judgment appealed from should be affirmed, and so advise.

VANCLIEF, C., and FITZGERALD, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.