[Civ. No. 4652. Third Appellate District.—December 17, 1932.]

PAUL T. YOUNG et al., Respondents, v. JOAO LIAL, etc., Appellant.

C. Ray Robinson and Thomas F. Lopez for Appellant.

G. P. Ross for Respondents.

THOMPSON (R. L.), J.—This is an appeal from an order denying defendant's motion to vacate a judgment which was rendered against him. The motion was duly made pursuant to the provisions of section 663 of the Code of Civil Procedure. The appeal is presented on a bill of exceptions. The evidence which was adduced at the trial is not before this court.

The plaintiffs, as the assignees of the California Breeders Service Company, brought suit upon a written contract to enforce payment of the agreed purchase price of seventeen Holstein cows and twenty-three heifers, alleged to have been sold and delivered to the defendant. The complaint avers that "plaintiffs rely wholly on (the) written contract". The prayer demands judgment for $1807.50, together with interest, costs and stipulated counsel fees. Incident to the suit the cattle were taken and held by the sheriff under a writ of attachment.

The answer denies that the defendant entered into the contract with the California Breeders Service Company; denies the execution of the alleged contract; denies the consideration therefor, and denies all of the other material allegations of the complaint. As a separate defense the answer alleges that at the time of the purported execution of the contract to purchase cattle, the defendant was a paroled prisoner under sentence to the California state prison for a term less than life, and that he was therefore legally incapable of entering into a contract to purchase property. The prayer of the answer asked that the written document set out in the complaint be canceled, and that the plaintiffs take nothing by their suit.

The court found that the alleged contract is illegal and void because "the terms and conditions of said alleged contract when it was signed, were not understood by defendant and agreed upon, and the minds of the parties did not meet". As conclusions of law the court decreed that "Said

live stock mentioned in said complaint be delivered to the plaintiff; that the defendant pay to the sheriff . . . for plaintiffs or other parties expending said money, four-fifths of one-half of the costs for keeping the said live stock while under attachment; . . . that any income from cream or sale of milk from said cattle while under attachment shall be divided between plaintiffs and defendant'', in proportion to the number of cows which are owned by the respective parties. The findings then decreed that the payment · by the defendant of the sums of money above required shall become a condition precedent to his right of possession of his cows. For failure to make these payments within five days, the sheriff was authorized to sell defendant's cows in the manner provided for an execution sale. Judgment was entered accord⁻· ly. The defendant moved under the provisions of section ʋ63 of the Code of Civil Procedure to vacate the judgment. This motion was denied, and the defendant has appealed.

 This is a simple action upon a contract for a money judgment for the agreed purchase price of cattle alleged to have been purchased. It is not a possessory action for the recovery of the cattle. It is not an equitable suit. The court was without jurisdiction or authority to convert the suit into a possessory action and direct the return of the cattle, or to direct the defendant to pay any portion of the sheriff's costs of attachment. The attachment was made pursuant to section 537 of the Code of Civil Procedure to secure the payment of any judgment which might be lawfully rendered against the defendant in the suit upon contract to recover a money judgment for the alleged purchase price of cattle. No such judgment was rendered against the defendant. The court determined that the contract upon which the plaintiffs relied is void for lack of mutual understanding of the terms and conditions thereof.

 This appeal from the order refusing to vacate the judgment must be determined solely upon the application of the findings of court to the issues which were presented by the pleadings. (*Dahlberg* v. *Girsch*, 157 Cal. 324 [107 Pac. 616, 619]; *Stanton* v. *Superior Court*, 202 Cal. 478, 487 [261 Pac. 1001].) In the Dahlberg case, *supra*, it is said: ''In the determination of this appeal (from an order

refusing to vacate a judgment pursuant to sec. 663, Code Civ. Proc.) we are restricted, of course, to the case made by the findings of fact in the trial court, taken in the light of the pleadings and the issues made thereby.''

Since neither the ownership nor the right of possession of the cattle was an issue in the case, the court was without authority to direct their return to the plaintiffs or enforce the payment of sheriff's costs on attachment. Such findings and provisions of the judgment are unwarranted and surplusage. They may be disregarded.

Since the court specifically found that the contract was void for lack of mutuality, it is unnecessary to determine whether a paroled prisoner of a state prison is qualified because of section 673 of the Penal Code to make a contract to purchase property or is estopped from denying the validity of such an agreement. The application of that section is immaterial since the contract was found to be invalid for other reasons.

The order denying defendant's motion to vacate the judgment is reversed, and the court is directed to enter judgment that the plaintiffs take nothing by their action.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1933.