[Civ. No. 4962.   Third Appellate District.—June 27, 1933.]

JOAO LIAL, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

C. Ray Robinson and James D. Garibaldi for Petitioner.

F. M. Ostrander and G. P. Ross for Respondents.

THOMPSON, J.—This is a petition for a writ of prohibition to restrain the retrial of a cause of action in which the judgment was reversed on appeal by this court, with specific directions for the court to enter a judgment that plaintiffs take nothing by their action.

A suit in *assumpsit* was commenced in the Superior Court of Merced County based upon an alleged contract for the purchase price of certain cattle. As security for the satisfaction of whatever judgment the plaintiffs might recover, an attachment was levied upon the cattle under the provisions of section 537 of the Code of Civil Procedure, and they were seized and held by the sheriff pending the determination of the suit. Issues were joined, and the cause was tried. Findings were adopted and a judgment was entered, in which it was determined that the contract upon which the plaintiffs relied was void for lack of mutual understanding of the terms. Thereupon the court held that plaintiffs were not entitled to recover judgment upon the contract, but, upon the contrary, did determine that the cattle should be returned to the defendants only on condition that they pay the plaintiffs the sheriff's costs as keeper of the cattle. Unless this was done within five days the sheriff was directed to sell the cattle in the manner provided by statute for an execution sale of property. Upon appeal from that judgment this court held the trial court was unauthorized to make the conditional order for the return of the cattle to the defendant. (*Young* v. *Lial*, 128 Cal. App. 246 [17 Pac. (2d) 170].) That was a simple suit for a money judgment based upon a contract which the court held was void. It was not a possessory action. There were no equitable issues in the case. Under the provisions of section 1024 of the Code of Civil Procedure the defendant was entitled to his costs as of course. The court was powerless to assess the costs, or any part thereof, against the defendant in whose favor the judgment was rendered. Upon appeal this court so held. The cause was not remanded for a new trial. Upon the contrary, on the record presented to this court, the trial court was directed to enter judgment to the effect that the plaintiffs take nothing by their suit. Upon receipt of the *remittitur* the court did enter judgment that the plaintiffs take nothing, as directed by this court. A motion for

a new trial was subsequently made by the plaintiffs and granted.

The petition for a writ of prohibition alleges that unless it is restrained the lower court will proceed to permit the filing of amended pleadings so as to raise new issues and retry the case in disregard of the directions of this court. In granting a new trial after rendering the judgment directed by this court, the trial judge said:

"There is only one ground upon which this court can consistently at this time order a new trial, and that is with the direct end in view of having the pleadings amended so as to admit of the introduction of evidence" concerning the equities of the case.

The opinion which was rendered by this court in the case of *Young* v. *Lial, supra,* established the law of the case. ██ After the issues of a case have been established and a judgment has been passed upon on appeal, it is ordinarily too late to amend the pleadings so as to change the nature of the cause. Such applications should be looked upon with suspicion. They tend to encourage fabrications of the issues. (*Dressler* v. *Johnston,* 131 Cal. App. 690 [21 Pac. (2d) 969].) There is nothing in this case for the court to retry. It is said in 2 Freeman on Judgments, fifth edition, page 1345, section 639:

"The judgments of appellate courts are as conclusive as those of any other court. They not only establish the facts, but also settle the law, so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause, and they are *res adjudicata* in other cases as to every matter adjudicated."

██ It is a well-established principle which has been frequently announced by the courts that when an appellate court has passed upon the merits of a cause on appeal and has directed the trial court to render a particular judgment or decree, there is no authority to permit amendments to the pleadings, change the issues which were determined, or try the cause *de novo.* Under such circumstances the trial court is without jurisdiction to enter any judgment at variance with the directions of the appellate court. (*Keller* v. *Lewis,* 56 Cal. 466; *Heinlen* v. *Martin,* 59 Cal. 181; *Cowdery* v. *London & San Francisco Bank, Ltd.,* 139 Cal. 298, 307 [73 Pac. 196, 96 Am. St. Rep. 115]; *Argenti* v. *Sawyer,*

32 Cal. 414; *Chafoin* v. *Rich,* 92 Cal. 471 [28 Pac. 488];
*Todd* v. *Bettingen,* 102 Minn. 260· [113 N. W. 906, 18
L. R. A. (N. S.) 263, note].) The reversal of a judg-
ment on appeal with directions to the trial court to enter
a specific judgment determines the merits of the cause just
as effectively as though the judgment were affirmed on
appeal. In the case of *Keller* v. *Lewis, supra,* the syllabus
clearly expresses the holding of the Supreme Court as fol-
lows:

"The opinion of this court on a former appeal, and its
direction that the court below render judgment in accord-
ance with the views therein expressed, became and is the
law of the case; the court below had but to follow the direc-
tion thus given; it had no authority to open the case for the
purpose of permitting supplemental pleadings to be filed."

In the case of *Heinlen* v. *Martin, supra,* on a second
appeal it was contended the trial court erred in refusing to
permit amended pleadings to be filed and a retrial of the
cause to be had. The Supreme Court said:

"But no new trial was ordered, and none was necessary;
for the Supreme Court had determined the rights of the
parties, and that determination was a final adjudication of
the case itself, which only required to be embodied in form
by the entry of a proper judgment in the lower court, to
make it enforceable. The entry of such a judgment was
the only duty devolved upon the court, under the mandate
of the Supreme Court. (*Keller* v. *Lewis,* 56 Cal. 466.)
*If upon the going down of the remittitur from the Supreme
Court the lower court had retried the case, and upon such
new trial had rendered a judgment, it would have been
void.* (*Argenti* v. *San Francisco,* 30 Cal. 460.)"

██ In the present case, since the appellate court passed
upon the merits of the cause and directed the trial court
to enter a specific judgment "that the plaintiffs take
nothing by their action", it follows that the setting aside
of the judgment which was subsequently rendered in con-
formity with the directions of the appellate court was
unauthorized and void. The avowed intention of the court
to permit the filing of new pleadings which will have the
effect of changing the issues which have been finally de-
termined and try the cause *de novo* is in conflict with

the clear mandate of the appellate court and is unauthorized.

The writ of prohibition should therefore issue enjoining the court from permitting the filing of amended pleadings and from proceeding to retry the cause.

It is so ordered.

Plummer, J., and Pullen, P. J., concurred.