[Civ. No. 6299. Third Appellate District.—September 6, 1939.]

HOMER A. PHILLIPS et al., Petitioners, v. T. F. PATTERSON, as Clerk of Sacramento County, Respondent.

George L. Popert and Butler, Van Dyke & Harris for Petitioners.

Gerald M. Desmond and W. A. Green, Deputy District Attorney, for Respondent.

Stanley W. Reckers, as *Amicus Curiae,* on Behalf of Respondent.

THE COURT.—This is a petition for a writ of *mandamus* to compel the county clerk of Sacramento County to issue an execution under section 681 of the Code of Civil Procedure, after a final directed judgment by the District Court of Appeal had been entered.

The petitioners brought suit for damages against Singer Sewing Machine Company and its agent V. A. Larrabee, accruing as the result of an automobile collision. A trial by jury was waived. The trial court found that Larrabee was guilty of negligence as alleged, and rendered judgment against him in the sum of $7,500 for personal injuries sustained by Homer A. Phillips. The trial court, however, found that at

the time of the accident, Larrabee was engaged as an "independent contractor", and not as an agent of the company, and therefore rendered judgment that plaintiffs take nothing from the Singer Sewing Machine Company. The plaintiffs appealed under section 953a of the Code of Civil Procedure from that portion of the judgment which was rendered in favor of the Singer Sewing Machine Company. It was stipulated in writing by the respective parties that the sole question to be determined on appeal was whether Larrabee was acting in the capacity of an independent contractor at the time of the accident, and not as an agent of the company. All other issues were thereby waived. The negligence of Larrabee, as the proximate cause of the injuries received, was conceded. On appeal this court held, as a matter of law, that Larrabee was acting as the agent of the company, and not as an independent contractor, and that the company was therefore jointly and severally liable for the damages awarded. (*Phillips* v. *Larrabee et al.,* 32 Cal. App. (2d) 720 [90 Pac. (2d) 820].) Regarding the issues to be determined on appeal, this court said: "The sole question here is whether or not the court was justified in finding that Larrabee was an agent of the Company." Having decided, as a matter of law, that Larrabee was an agent of the company, under the authorization of section 53 of the Code of Civil Procedure, this court then reversed that portion of the judgment which relieved the company from liability, and directed the trial court to enter judgment against the Singer Sewing Machine Company, as principal, for the amount of damages previously ascertained and determined. A petition for hearing that appeal was subsequently denied by the Supreme Court. Pursuant to that opinion and direction of this court, the modified judgment was entered against the company and its agent, jointly, on August 1, 1939, for the amount of damages previously determined by the trial court. Upon *ex parte* application of the company, the trial court thereafter made an order restraining the clerk from issuing execution for a period of fifteen days. A demand by the plaintiffs for execution was refused. No motion for new trial, notice of appeal from the modified judgment or stay bond had then been filed. This proceeding for a writ of *mandamus* to compel the clerk to issue execution was thereupon instituted.

The petition was heard August 9, 1939. George F. Popert, Esq., appeared as attorney for petitioners, and the deputy district attorney appeared for respondent county clerk. At the request of Stanley Reckers, Esq., he was permitted to appear and argued the case in behalf of Singer Sewing Machine Company. The facts were conceded by respective counsel as hereinbefore stated. It was further agreed that no motion for new trial, notice of appeal from the directed judgment or *supersedeas* bond had then been filed.

The respondent contends that since the original judgment was favorable to Singer Sewing Machine Company, and that it had no opportunity to challenge on appeal any errors which may have occurred at the trial, it is entitled to prosecute a motion for new trial, and to appeal from a denial thereof, or from the directed judgment which was entered against it, and that the trial court was therefore authorized to stay execution until those remedies were exhausted.

The question presented on this proceeding is whether plaintiffs were entitled to an execution as a matter of law on August 1, 1939, when it was demanded. The opinion of this court was filed May 19th. A hearing was denied by the Supreme Court July 17th, and the *remittitur* was filed two days later. No motion for new trial, notice of appeal or *supersedeas* bond staying execution had been filed at the time of this hearing on August 9th, although twenty days had elapsed since the filing of the *remittitur*. ■ In the absence of a *supersedeas* bond an appeal does not stay execution on a judgment for the payment of money. (Sec. 942, Code Civ. Proc.) When no *supersedeas* bond is filed the party in whose favor a judgment has been rendered, is entitled to an execution immediately upon the entry of the judgment. (*Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740, 746 [91 Pac. 416]; 11 Cal. Jur. 44, sec. 6; sec. 681, Code Civ. Proc.) The trial court was therefore not entitled to restrain the clerk from issuing execution.

■ We are of the opinion that, under the circumstances of this case, the trial court was without authority to stay the execution, or even to entertain a motion for new trial. The entry of judgment in the exact form directed by the appellate court exhausted the jurisdiction of the trial court. That constituted a termination of the litigation. The appeal from

the original· judgment was taken under section 953a, Code of Civil Procedure, which raised every essential issue involved in the directed judgment. The company waived all issues except the question of Larrabee's agency, which was determined on appeal as a matter of law with direction to the trial court to enter judgment accordingly. The question of Larrabee's negligence as the proximate cause of the injuries complained of, and the amount of damages adequate to compensate plaintiffs, were conceded by waiving those issues in the written stipulation signed by the company. The modified judgment finally determined the liability of the company on the doctrine of *respondeat superior*. It would be futile to grant a new trial in this case for the reason that the modified judgment became *res judicata* of the issues determining the liability of the company for the injuries complained of. To grant a new trial under the circumstances of this case and again try the issue of the company's liability would defeat the very purpose of sections 53 and 956a of the Code of Civil Procedure. The final judgment of an appellate court may be just as conclusive of the issues determined by it as that of a trial court. In 2 Freeman on Judgments, fifth edition, 1345, section 639, it is said in that regard:

"The judgments of appellate courts are as conclusive as those of any other court. They not only establish the facts, but also settle the law, so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause, and they are *res adjudicata* in other cases as to every matter adjudicated."

The Constitution and statutes of California provide for the very procedure followed in this case, and declare they should receive a liberal construction for the purpose of terminating litigation, when, in the interest of justice, the issues involved may be disposed of "by a single appeal, and without further proceedings in the trial court". (Const., art. VI, sec. 4¾; secs. 53 and 956a, Code Civ. Proc.) These provisions have been so construed by the courts.

The alleged error of the appellate court in determining, as a matter of law, that the company was liable for the damages resulting from its agent's negligence became final and conclusive when the Supreme Court denied a hearing of the appeal. That opportunity for a hearing was the respondents'

remedy for the asserted error, and furnished the established procedure for its day in court. The amended judgment finally determined the liability of the company. Where a principal is a party to an action for damages and has had an opportunity to present every possible defense which he possesses, he is bound, on the doctrine of *respondeat superior*, by a judgment which determines that his agent in the transaction is liable for negligence which proximately causes the injuries resulting therefrom. (15 R. C. L. 1026, sec. 501; 34 C. J. 1023, sec. 1448.)

Our courts have frequently held that the entry of a modified judgment as directed by the Superior Court or the District Court of Appeal, is final, and exhausts the jurisdiction of the trial court. (*Heinlen* v. *Beans,* 73 Cal. 240 [14 Pac. 855]; *Lierly* v. *McEwen,* 208 Cal. 645 [283 Pac. 943]; *Kirk* v. *Culley,* 202 Cal. 501, 508 [261 Pac. 994]; *Cowdery* v. *London & S. F. Bank,* 139 Cal. 298 [73 Pac. 196, 96 Am. St. Rep. 115]; *Chafoin* v. *Rich,* 92 Cal. 471, 473 [28 Pac. 488]; *Keller* v. *Lewis,* 56 Cal. 466, 469; *Heinlen* v. *Martin,* 59 Cal. 181; *Argenti* v. *Sawyer,* 32 Cal. 414; *Lial* v. *Superior Court,* 133 Cal. App. 31 [23 Pac. (2d) 795]; *Texas Co.* v. *Moynier,* 137 Cal. App. 112 [29 Pac. (2d) 873]; *English* v. *Olympia Auditorium, Inc.,* 10 Cal. App. (2d) 196 [52 Pac. (2d) 267]; *Security etc. Bank* v. *Southern Pac. R. R. Co.,* 19 Cal. App. (2d) 420 [65 Pac. (2d) 818]; *Snoffer* v. *City of Los Angeles,* 14 Cal. App. (2d) 650 [58 Pac. (2d) 961]; *Brown* v. *Schroeder,* 88 Cal. App. 192 [263 Pac. 325]; *Soule* v. *Dawes,* 14 Cal. 247; 2 Cal. Jur. 1051, sec. 625.)

The determination and effect of these cases is illustrated by the pertinent language of the Snoffer case, *supra,* in which a hearing was denied by the Supreme Court. In that case, after a judgment on appeal was reversed and a modified judgment was entered as directed by the District Court of Appeal, the trial court granted a new trial, from which order a second appeal was perfected. The order granting the new trial was reversed. The court says:

"When a cause is remanded, as in this case, not for retrial, but to give effect to the decision on appeal, the trial court can take no further proceedings except such as are necessary to give effect to the judgment of the Appellate Court. (*Soule* v. *Dawes,* 14 Cal. 247; 2 Cal. Jur. 1052.) When a cause is

remanded with directions to enter a particular judgment, it is the duty of the trial court to enter judgment in conformity with the order of the appellate court, and that order is decisive of the character of the judgment to which the appellant is entitled. *The lower court cannot reopen the case on the facts, allow the filing of amended or supplemental pleadings, nor retry the case, and if it should do so, the judgment rendered thereon would be void."*

The judgment of the appellate court is as binding on the respondent as it is upon the appellant.

In support of their contention that the company is entitled to prosecute a motion for new trial, or appeal from the directed judgment which was entered, the respondents rely on the following cases: *Klauber* v. *San Diego Street Car Co.*, 98 Cal. 105 [32 Pac. 876], *Tuffree* v. *Stearns Ranchos Co.*, 124 Cal. 306 [57 Pac. 69], *Lambert* v. *Bates*, 148 Cal. 146 [82 Pac. 767], *Hudgins* v. *Standard Oil Co.*, 5 Cal. App. (2d) 618 [43 Pac. (2d) 597], *Arena* v. *Bank of Italy*, 80 Cal. App. 61 [251 Pac. 338], *Milo* v. *Prior*, 210 Cal. 569 [292 Pac. 647], and *Rapp* v. *Southern Service Co.*, 116 Cal. App. 699 [4 Pac. (2d) 195].

The right of appeal is entirely statutory. In the absence of statute authorizing an appeal that privilege does not exist. (*United States* v. *Berg*, 202 Cal. 10, 13 [258 Pac. 942]; *Strauch* v. *Bieloh*, 16 Cal. App. (2d) 278, 280 [60 Pac. (2d) 582]; 2 Cal. Jur. 111, sec. 4.)

There is no specific statutory authorization to move for a new trial, or to appeal from a directed judgment, but the language of some of the last-cited cases seems to indicate a recognition of a right to appeal from a failure or refusal of a trial court to enter judgment in the manner directed by a reviewing court, or from a directed judgment against a party to litigation in whose favor the original judgment was rendered, when errors occur at the trial *"that were not presented in the record 'upon the former appeal".* In the present case, however, the entire record was presented on appeal under section 953a, Code of Civil Procedure. All issues were waived by the written stipulation of the respondents except the one of Larrabee's agency. The language upon which the respondents rely for their right of appeal from the directed judgment is found in the Klauber and Lambert cases, *supra*.

The directed judgment in the Lambert case was affirmed on the ground that it was *res judicata* of the issues presented on the last appeal. The court said in that regard:

"The decision of this court upon the former appeal is, however, conclusive upon the point that the findings here do support the present judgment, and the contention of appellant is simply a request that this court reconsider its previous ruling. When this court directed this particular judgment to be entered upon these findings, it necessarily adjudicated that question against the contention of appellant, and we are not at liberty to consider the question anew upon this appeal. *The decision* upon that point has become the law of the case."

The court, however, did say in that case that:

"If, upon an appeal by one party *upon the judgment roll,* the judgment is reversed and judgment ordered entered upon the findings in his favor, the other party may, by an appeal upon a proper record, present for consideration exceptions taken by him on the trial of the action."

In the Klauber case, *supra,* the court merely held that an appeal would lie from a directed judgment if errors are assigned in a proper proceeding *"that were not presented in the record upon the former appeal".* In that case the original appeal was from the judgment roll only, which was presented by means of a bill of exceptions.

The Milo case, *supra,* was not an appeal from a judgment directed by a reviewing court. In two consolidated actions involving the same automobile casualty, the trial judge denied relief to all parties, but announced that the judgment in one case would be rendered against the defendant "without prejudice" to plaintiff's right to bring a new action. From that portion of the judgment the last-mentioned defendant appealed. On appeal the court merely held that the provision of the judgment that it should be "without prejudice to commencing another action", was not authorized. The judgment was reversed in that respect. It in no way involved the right to appeal from a judgment directed by a reviewing court. In the Arena case, *supra,* this court affirmed a directed judgment on its merits merely saying that:

"It may be conceded *for the purpose of this opinion* that, insomuch as on the former appeal the present appellants were

respondents, they as such respondents were unable to attack the findings of fact for the insufficiency of the evidence and, therefore may, in this appeal, bring that issue before this court for review.''

In the Hudgins case, *supra*, this court said, in accepting jurisdiction of the appeal from a directed judgment, that, ''This court specifically omitted passing upon those questions in the former opinion.''

In reconciling the cases relied upon by the respondents with those cited by the petitioners, in the light of the Constitution, article VI, section 4¾, and sections 53 and 956a of the Code of Civil Procedure, we assume that an appeal may lie from a judgment directed by a reviewing court which for the first time fixes a liability upon a party to the litigation, when the method of the original appeal gave him no opportunity to review errors alleged to have occurred at the trial. There is no doubt that, in justice, such a privilege should exist.

In the present case, however, since the appeal was under section 953a, Code of Civil Procedure, which permitted the respondents to present to the appellate court on the former appeal every material issue involved, and the company waived the right to present all issues except that which is contained in the doctrine of *respondeat superior*, we are of the opinion the directed judgment became final, and the trial judge was without jurisdiction to perform any act except in furtherance of that judgment.

Moreover, there was no motion for a new trial, no notice of appeal, and no *supersedeas* bond on file when this petition was presented on August 9th. The respondents had ample warning of the judgment by the filing of the *remittitur*. The prevailing party was entitled to immediate issuance of an execution upon the entry of the directed judgment, and the trial court was without jurisdiction or authority to stay that execution.

When this court announced from the bench in open court that, in its opinion, the writ of *mandamus* should issue as prayed for, it was stipulated between the petitioner and the respondent that the writ might become effective on August 16th, which was the day after the expiration of the stay ordered by the trial court. The writ was issued accordingly, and execution has been issued by the county clerk as directed by this court.

Let this opinion be filed *nunc pro tunc* as of August 9, 1939, at which date the decision of this court was announced in open court.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 6, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 5, 1939.