[Civ. No. 14218.  First Dist., Div. One.  Mar. 20, 1950.]

KATHERINE DEVENS, Appellant, v. JOSEPH GOLDBERG, Respondent.

Melvin M. Belli, Henry G. Sanford and Van H. Pinney for Appellant.

George C. Faulkner and A. Dal Thomson for Respondent.

BRAY, J.—In an action for damages for personal injuries sustained when a porch railing gave way and plaintiff fell to the ground, plaintiff received a jury verdict of $10,000. The trial court granted defendant's motion for judgment notwithstanding the verdict. On appeal, this court reversed the order. *(Cal.App.) 189 P.2d 859. On hearing, the Supreme Court likewise reversed the order, and directed the trial court to enter judgment for plaintiff in accordance with the verdict. (*Devens* v. *Goldberg,* 33 Cal.2d 173 [199 P.2d 943].) This the court did. Thereafter the trial court granted defendant's motion for a new trial on the "ground of insufficiency of the evidence to justify the verdict and upon the further ground that the verdict is against the weight of the evidence." Plaintiff appealed.

### QUESTION PRESENTED

Does the reversal by the Supreme Court of the order granting the motion for judgment notwithstanding the verdict bar the trial court from granting a new trial for insufficiency of the evidence?

In *Devens* v. *Goldberg, supra,* the Supreme Court held that the "jury's implied finding that defendant was negligent is supported by the record . . ." (P. 180.) Plaintiff argues that such a ruling, plus the instruction to the trial court to enter a judgment for plaintiff in accordance with the jury's

---

*A hearing was granted by the Supreme Court on April 15, 1948.

verdict, became the law of the case and deprived the trial court of the right to grant a new trial. This very contention has been clearly and properly answered adversely to plaintiff's contention in *Collins* v. *Nelson,* 41 Cal.App.2d 107 [106 P.2d 39]. There on appeal the court affirmed an order granting plaintiff a new trial which had been made after the District Court of Appeal in *Collins* v. *Nelson,* 16 Cal.App.2d 535 [61 P.2d 479], had set aside the trial court's order granting a judgment for defendants notwithstanding the verdict and ordered the trial court, as here, to enter judgment in favor of plaintiff on the jury's verdict. The court said (pp. 114, 115): "Appellant's contention that because the court held in the first appeal that certain of the evidence was sufficient to sustain a verdict for plaintiff, such holding became the law of the case and deprived the trial judge of power to grant a new trial on the ground of insufficiency of the evidence, is without merit. . . .

"The decision on the first appeal dealt only with the propriety of the trial court's order granting defendants judgment notwithstanding the verdict, and was in nowise applicable to a situation presented on the hearing of a motion for a new trial. . . . As this court has so often pointed out, when the appeal is from a judgment notwithstanding the verdict, or a judgment following a directed verdict or nonsuit, we are controlled by the rule requiring the appellate tribunal to consider the evidence in the light most favorable to the losing party in the court below, and we do not and cannot express an opinion as to the weight of the evidence or its truth or falsity. Therefore, what we had to say with reference to the evidence on the first appeal herein from the judgment entered notwithstanding the verdict could not be and is not controlling upon the lower court in its consideration of a subsequently made motion for a new trial."

The difference between the rule under which a trial court acts in considering a motion for judgment notwithstanding the verdict and the rule under which it acts in considering a motion for a new trial is well set forth in *Estate of Flood,* 217 Cal. 763 [21 P.2d 579], where the court says (it refers to a directed verdict to which the same rule applies as to a judgment notwithstanding the verdict) (p. 769): " '. . . the function of the trial court on a motion for a directed verdict is analogous to and practically the same as that of a reviewing court in determining, on appeal, whether there is evidence

in the record of sufficient substance to support a verdict. *Although the trial court may weigh the evidence and judge of the credibility of the witnesses on a motion for a new trial, it may not do so on a motion for a directed verdict.'* (Italics ours.)

"Two important propositions should be noted in the above quotation. First, the trial court, on a motion by a defendant for a directed verdict, cannot weigh all the evidence introduced by both sides; all evidence in conflict with the plaintiff's evidence must be disregarded. Second, the trial court, in determining such motion, cannot judge the credibility of witnesses, but must give to the plaintiff's evidence all of the value to which it would be legally entitled if the witnesses were believed."

"The granting of or refusal to grant a new trial rests very largely within the discretion of the trial court—a discretion which is extremely wide; and its ruling will not be disturbed, especially where, as here, a new trial has been granted on the insufficiency of the evidence, unless there is a clear and affirmative showing of a gross, manifest or unmistakable abuse of the discretion it is called upon to exercise. (20 Cal.Jur., pp. 27-31.) In other words, it is only in rare instances and on very strong grounds that the reviewing court will set aside an order granting a new trial. (*Morgan* v. *Los Angeles Pac. Co.,* 13 Cal.App. 12 [108 P. 735].) Furthermore, as frequently pointed out in the decisions, in considering such a motion it is not only the trial court's province but its duty to scrutinize and to weigh the evidence, and if in its opinion the facts upon which the decision of the jury is based are insufficient to justify that decision, or if it believes that the weight of the evidence is against the decision, a new trial should be granted, even though the inferences it may draw are opposed to those drawn by the jury." (*Ogando* v. *Carquinez G. School Dist.,* 24 Cal.App.2d 567, 569 [75 P.2d 641].)

Thus, in the case at bar, after entering judgment as ordered on the jury's verdict, the court had the right on the motion for new trial to weigh the evidence and to judge of the credibility of the witnesses.

Plaintiff further contends that the action of the trial court in granting the new trial is in contravention of article VI, section 4¾ of the California Constitution, and of section 956a of the Code of Civil Procedure. Just how these sections are supposed to apply here is not clear from plaintiff's opening brief, particularly as they both apply only "[i]n all cases

where trial by jury is not a matter of right or where trial by jury has been waived . . ." Plaintiff refers to *Brown* v. *Schroeder,* 88 Cal.App. 192, 203 [263 P. 325], and *Cunningham* v. *Reynolds,* 135 Cal.App. 91, 94 [26 P.2d 869], which referring to the section of the Constitution, hold that the reviewing court may make findings on appeal contrary to those of the trial court and that wherever possible causes should be disposed of finally on a single appeal. Neither of these cases were jury cases, nor do they discuss anything pertinent here. The Supreme Court in the first appeal in our case, even though in referring to the evidence used such language as "It did not appear, however, that he [Goldberg] had ever inspected . . ." etc., was not even attempting to make findings as such. It was merely holding that there was substantial evidence to support the jury's verdict.

Plaintiff has cited a number of other cases, none of which are in point. In *Lial* v. *Superior Court,* 133 Cal.App. 31 [23 P.2d 795], the trial court held that the contract for the purchase of cattle upon which the plaintiffs relied in an action in assumpsit was void for lack of mutual understanding of the terms. However, the court provided that the cattle should be returned to defendants only on condition that they pay plaintiff the sheriff's costs as keeper of the cattle. Upon appeal from that judgment the reviewing court held that the trial court was unauthorized to make the conditional order, and directed the trial court to enter judgment that plaintiff take nothing. The trial court did so, and thereafter granted a motion for a new trial. An application for a writ of prohibition to restrain the retrial of the action was made to the higher court alleging (p. 33) "that unless it is restrained the lower court will proceed to permit the filing of amended pleadings so as to raise new issues and retry the case in disregard of the directions of this court. In granting a new trial after rendering the judgment directed by this court, the trial judge said:

" 'There is only one ground upon which this court can consistently at this time order a new trial, and that is with the direct end in view of having the pleadings amended so as to admit of the introduction of evidence' concerning the equities of the case."

The court held (p. 33): "After the issues of a case have been established and a judgment has been passed upon on appeal, it is ordinarily too late to amend the pleadings so as to change the nature of the cause. . . . There is nothing in this case for the court to retry.

"It is a well-established principle which has been frequently announced by the courts that when an appellate court has passed upon the merits of a cause on appeal and has directed the trial court to render a particular judgment or decree, there is no authority to permit amendments to the pleadings, change the issues which were determined, or try the cause *de novo.*"

There is a great difference between that case and ours. There, on appeal the court passed upon the merits of the cause. In our case it passed only upon the question of the propriety of the trial court granting a judgment notwithstanding the verdict.

*Snoffer* v. *City of Los Angeles,* 14 Cal.App.2d 650 [58 P.2d 961], was likewise a case where the reviewing court had passed on the merits of the case. In *Rice* v. *Schmid,* 25 Cal.2d 259 [153 P.2d 313], the trial court refused to enter the judgment ordered by the reviewing court but proceeded to retry an issue already reviewed. In *Buttram* v. *Finley,* 73 Cal.App.2d 536 [166 P.2d 654], the trial court failed "to conform to the specific directions of the appellate court . . ." (P. 540.)

In *Phillips* v. *Patterson,* 34 Cal.App.2d 481 [93 P.2d 807], and *McCulloch* v. *Superior Court,* 91 Cal.App.2d 641 [205 P.2d 689], the reviewing court found that there was no contrary evidence, but that the evidence *compelled* as a matter of law a certain verdict and therefore, in the absence of newly discovered evidence, the trial court had no power to grant a new trial. There was no such situation here.

The order granting a new trial is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1950.