## GEORGE STORY v. HENRY ROBINSON et als.

DAMAGES FOR A TRESPASS.—One who commits a trespass by turning the cattle of
   another out of an inclosure on to the public lands, cannot be made liable to the
   owner for the loss of the cattle caused by starvation for want of grass after they
   have thus been turned out of the inclosure, if the owner has been notified to take
   care of them.

IDEM.—A party committing a trespass can be made liable for such damages only
   as are the proximate result of the trespass.

APPEAL from the District Court, Third Judicial District,
Santa Clara County.

The defendants claimed to be in possession of a tract of
mountain land which they used for grazing.   It was public
land, and was not entirely inclosed.   There was, however, a
fence across its north end, with a barway in it for ingress and
egress in that direction.   The defendants had a house on this
tract of land, in which they resided, and in May, 1864, were
pasturing four or five hundred head of cattle on the same.
The plaintiff at that time was herding and grazing one hun-
dred and eighty head of cattle among the hills near the land
claimed by defendants.   The grazing having become poor the
plaintiff, without the knowledge of defendants, drove his cattle
through the barway of the defendants' fence and commenced
grazing them there, and also made arrangements for building a
corral and house.   The defendants discovered the plaintiff
after he had been there about two weeks, and ordered him to
take his cattle away, but he refused.   The defendants then
drove the cattle through the barway off from the land claimed
by them.   The plaintiff drove the cattle back at night, and
the defendants drove them away again the next day.   This

was repeated four or five times between the 25th of May and 15th of June, 1864. The plaintiff then ceased to drive the cattle back, and they roamed about on a neighboring tract of land claimed by one Gregory, for about a month. Three weeks after the cattle had been on Gregory's claim, he notified plaintiff to come and take them away. The plaintiff promised to do so, but said he did not know what to do with them, but did not take them away, and they wandered off among the hills and were not driven together again until November following, when about ninety head of them were found to have died of starvation.

The other facts are stated in the opinion of the Court.

*S. O. Houghton*, for Appellant.

The Court finds as a conclusion of law that the loss of the cattle did not result from the acts of the defendants. It needs no citation of authority to show that if one commits a trespass by passing over the land of another, the other is not entitled to pursue him upon other lands and trespass upon his rights so as to deprive him of his property. The deduction of the Court that the loss of plaintiff's cattle did not result from the acts of defendants is erroneous. Their loss was the direct consequence of the act of defendants.

*Peckham & Payne*, for Respondents.

The finding of facts shows that the cattle died from natural causes, and not from any act of the defendants.

By the Court, CURREY, C. J. :

The complaint charges the defendants with taking and detaining from the possession of the plaintiff one hundred and eighty head of neat cattle, the property of the plaintiff, of the value of five thousand four hundred dollars, by reason whereof the plaintiff sustained damage in the sum of six thousand dollars. The defendants by answer deny each and every allega-

tion of the complaint, and further answering they allege that certain of the defendants found trespassing upon lands belonging to them and one Doty, fifty-one head of plaintiff's cattle, which they and Doty drove from said land and left immediately beyond the border thereof.

The cause was tried by the Court without a jury, and a judgment rendered for defendants. This judgment, the plaintiff maintains, was not a just legal result from the facts found, and having failed on motion to induce the Court to render judgment on the findings of fact in the plaintiff's favor he has appealed to this Court for the purpose of securing the object for which he brought his action.

The defendants' right to the possession of the premises from which they drove the plaintiff's cattle is the point controverted most by the plaintiff's counsel. It seems the plaintiff drove the cattle upon the premises claimed by the defendants through a barway in the fence, which the defendants had erected as one of the boundary lines of the land, and it was through the same barway the cattle were turned off the premises. It is not necessary to decide the case as depending upon the defendants' right to the exclusive possession of the land, because it sufficiently appears from the finding of the facts by the Court that the loss of which the plaintiff complains was not the proximate result of the acts of the defendants. After the cattle were driven from the premises they roamed around on a neighboring tract of land claimed by one Gregory, where they remained about a month. While they were there, Gregory requested the plaintiff to take them away, which he promised he would do, but he neglected to do so. After that the cattle wandered away among the hills, and in the course of the summer and autumn one half of the herd, consisting of one hundred and eighty head, died of starvation.

We do not see how upon the facts found the defendants can be made liable for the cattle which were lost by starvation. The plaintiff was in duty bound to take care of his cattle and save them from starving to death, if it could be done, after they were turned off the premises. He could not, upon any

principle of law or justice, refuse all care of his cattle from that time, and then, upon their perishing by his neglect or otherwise, be entitled to a recovery of their value of the defendants for turning them out of the premises claimed by them, even were it determined that they were guilty of a trespass in so doing, because it does not appear that the loss of the cattle was in consequence of the acts done by the defendants.

Judgment affirmed.

Mr. Justice RHODES did not express any opinion.