[Civ. No. 4934. Third Appellate District.—November 6, 1933.]

E. L. CUNNINGHAM, Appellant, v. J. C. REYNOLDS et al., Respondents.

Hale McCowen, Jr., for Appellant.

H. G. Crawford for Respondents.

PULLEN, P. J.—Plaintiff brings this action in claim and delivery for the recovery of 169 ewes claimed to be wrongfully withheld by the defendants, together with special damages for the difference in value between the market lambs and feeder lambs alleged to have been lost through the wilful acts of the defendants. Defendants, by their answer, justify their detention of the ewes under the terms of the Estray Act (Deering's General Laws, 1931, p. 177, Act 387), and claim a lien thereon for damages, costs and expenses, as provided by the statute.

The 169 ewes of plaintiff, of the stipulated value of $350, strayed upon the lands of the defendants, who impounded them as provided in the act. On the day following their impoundment, plaintiff tendered to defendants the sum of $35 to cover the costs, damages and expenses, and demanded their return. This offer was rejected and the return of the sheep refused.

It was stipulated, subject to a motion to strike, that the reasonable cost per day of keeping and caring for the sheep was three cents. It was also established by testimony not contradicted, that range sheep, as were the ewes here in question, would produce 100 per cent lamb crop. These ewes, at the time of their impoundment (September 4th), had not been bred, and to produce a market lamb it was necessary to have them bred not later than September 15th. A market lamb was described as one that could be sold fat from the side of the ewe; whereas, a feeder lamb required additional feeding to make it ready for market. The difference in price between a market lamb and a feeder lamb was established at $1.50 per head more for the market lamb than the feeder.

Defendants base their refusal to accept the tender of plaintiff upon their construction of section 3 of the Estray

Act, which provides: "3. . . . Any person claiming such strayed animal or animals shall . . . pay the taker-up the damages, expenses and costs incurred. . . . Such damages, expenses and costs shall be estimated as follows. . . . 3. The sum of not to exceed fifteen cents per day for the keeping and care of each . . . animal."

Defendants contend they are entitled to fifteen cents per day, regardless of the actual damage or expense they may have suffered, while appellant maintains that the taker-up can recover only his actual expense and damage, not to exceed fifteen cents per animal. The latter is undoubtedly the intention of the act. It is not a penal statute, but is for the purpose of giving to one who has impounded estrays a speedy remedy for the recovery of damages and costs incurred in taking up trespassing animals.

Prior to the last amendment to the Estray Act (Stats. 1915, p. 636), the provision then read: " . . . the sum of five cents per head for the keeping and care of each sheep. . . . " This change in language from a definite amount of five cents to an amount "not to exceed" must be construed as being a deliberate change by the legislature in the method of the computation of damages.

Damages is the compensation in money for the detriment suffered by one person from the unlawful act or omission of another (sec. 3281, Civ. Code), and that clearly is the meaning of the word when used in the act in question.

In accordance with the general rule that an injured party is entitled to recover only damages actually suffered, it is plain it is the actual damage, not to exceed fifteen cents per head, which is allowed by the act.

The court found that fifteen cents per head for the care of the ewes was a reasonable and proper amount to be allowed defendants as damages incurred, and struck out the stipulation that three cents per head was the reasonable cost of keeping and caring for them, and computed the total amount of expense and costs incurred and damage suffered as $1,026.05, up to the date of the trial, and ordered judgment accordingly.

We must conclude that the trial court erred in striking out the stipulation referred to, and, therefore, the finding that fifteen cents was a reasonable and proper charge, is contrary to the evidence and not supported thereby. The court

should have found that the tender by plaintiff of $35 to defendants was sufficient to entitle him to the possession of the sheep, and as a result of defendants' wrongful detention, plaintiff was damaged by the difference in value of the market and feeder lambs in the sum of $253.50, and by the loss of 10 head of ewes, which testimony showed had become lost or wandered away, at $2 per head, or $20, or a total loss to plaintiff of $273.50.

 Under section 4¾ of article. VI of the state Constitution, it is provided that a reviewing court may make findings of fact contrary to those made by the trial court, which findings may be based upon the facts adduced before the trial court, either with or without the taking of evidence by the court of appellate jurisdiction.

The evidence in this case was unusually free of conflict, many of the facts having been established by stipulation of the parties, and we believe this to be a proper case for the exercise of the constitutional power granted. Therefore, the findings of fact heretofore filed in the trial court are hereby modified as follows:

Paragraph III should be entirely eliminated.

Paragraph IX should be amended as follows: "That from the 4th day of September, to the 6th day of September, 1932, said defendants used reasonable care to preserve the said 169 head of stray sheep from injury but since the commencement of this action one of said 169 head of stray sheep died, and nine thereof escaped from the possession of said defendants, and said defendants now have in their possession 159 head; that the loss of said ten head of sheep was unexplained and unjustified by said defendants; that said sheep were worth $2 per head."

Paragraph X should be amended as follows: "That the sum of three cents per day for the keeping and care of each of said sheep from the 4th day of September to the 6th day of September, 1932, is the reasonable sum of the damages, expenses and costs incurred by said defendants by reason of taking up such animals."

Paragraph XI should be eliminated; paragraph XIV should also be eliminated.

Paragraph XV should be amended to read as follows: "That said 169 head of sheep are ewes and had not been bred on September 4, 1932, and have not yet been bred;

that the said defendant has had possession wrongfully of said sheep from September 6, 1932, to October 17, 1932; that said period is the usual time for breeding said ewes; that by reason of the defendant being in possession of said sheep the breeding will be delayed and the lambs will be feeder lambs; and that market lambs are worth $1.50 per head more than feeder lambs; that if the ewes had been bred at the usual times the lambs would have been market lambs.''

The conclusions of law should be modified as follows:

''I. That the defendants deliver to said plaintiff the said 159 head of sheep so taken up by them as estrays and remaining in their possession or in default thereof the payment of $330.

''II. That the plaintiff do have and recover judgment against the said defendants for the sum of $273.50 as damages for loss on lambs and for loss of 10 head of ewes.

''III. That the defendants do not now and have not had since September 6, 1933, any lien or claim upon said sheep and

''V. That plaintiff is entitled to a judgment against the defendants for his costs expended in this action.''

For the reasons given, upon the modification of the findings of fact and conclusions of law, the judgment of the trial court, as so modified, is hereby affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.