[Crim. No. 12157. First Dist., Div. Three. May 23, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ALLAN DUNN, Defendant and Appellant.

## Counsel

Joseph D. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and Jerome C. Utz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—Charged with maliciously maiming, wounding and killing animals which were the property of another (Pen. Code, § 597, subd. (a)), appellant was found guilty by a jury and was admitted to probation on condition he serve six months in county jail and make restitution. He appeals.

Appellant lived on 23 acres of land in a large tract over which animals, belonging to one Cabezut, had ranged freely for some years. Appellant had planted some fruit trees. Some of Cabezut's livestock began to feed on the newly planted trees. Appellant never complained to Cabezut but drove off the animals by throwing rocks. On March 15, 1973, however, he fired at them, using a .22 rifle on one occasion, and a shotgun on another. Two colts were killed, a mare was so seriously wounded in the neck and stomach that she had to be put out of her misery, and a jackass, also shot in the stomach, survived.

The trial court instructed the jury that malice was an element of the crime, and defined malice as "an intent to do a wrongful act" (Pen. Code, § 7, subd. 4, 2d cl.) but refused to instruct that such malice must be directed to "another person," i.e., the owner. Subdivision (a) of section 597 makes it an offense to "maliciously" maim, wound, or kill the animal of another. Subdivision (b) proscribes acts of cruelty to "any animal," whether owned by the defendant or another. Subdivision (b) does not use the word "maliciously." ▮ Hence appellant argues that the malice required by subdivision (a) necessarily must be against the owner himself. We cannot agree.

As initially enacted in 1872, section 597 provided that "[e]very person who maliciously kills, maims, or wounds an animal, the property of another, or who maliciously and cruelly beats, tortures, or injures any animal, whether belonging to himself or another, is guilty of a misdemeanor." The 1905 amendment (Stats. 1905, ch. 519, p. 679) omitted the word "maliciously" from the definition of the offense against an animal not owned by another. It is apparent, however, that the intent was not to alter the direction or object of the malice. Rather, the amendment added numerous specific acts of cruelty to an animal owned by a defendant. Each of these was of a nature—e.g., "tortures," "torments," "cruelly beats"— necessarily implying the necessity of malice in the second sense of the code definition (Pen. Code, § 7, subd. 4, 2d cl.), "an intent to do a wrongful act." The code commissioners' note to the 1905 amendment (Deering's Pen. Code Ann. § 597, p. 580) states that its purpose is to

consolidate two existing sections "for the more effectual prevention of cruelty to animals." This emphasizes that the Legislature by no means intended to switch emphasis from the cruelty to animals element to a factor of malice toward the animal's owner.

■ Thus we find no error in the court's failure to instruct that the word "maliciously" imports a wish to "vex, annoy, or injure another person." That instruction would be proper under a statute designed to proscribe malicious mischief, but has no place in a statute intended to prohibit cruelty to animals, which section 597 clearly is intended to do.

■ The court instructed the jury that appellant's remedy against the strays was to drive them off or to confine them, and to sue their owner for damage to the land or crops and for the expense of keeping the animals if captured. This instruction was correct (Agr. Code, § 17001 et seq.; *Story* v. *Robinson*, 32 Cal. 205; *Cunningham* v. *Reynolds*, 135 Cal.App. 91 [26 P.2d 869]; CALJIC No. 5.43). ■ It further instructed that appellant could use reasonable force to drive off the animals but that use of force beyond that limit is regarded by the law as excessive and unjustified, and subjects the user of such force to the legal consequences thereof. The court correctly refused to instruct that Cabezut had a duty to confine his animals to prevent them from trespassing, and that the jury should weigh this duty against appellant's duty to refrain from use of excessive force. We find no error.

Judgment affirmed.

Brown (H. C.), J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.