[No. D039059. Fourth Dist., Div. One. Apr. 17, 2003.]

EDWIN C. ILIFF, Plaintiff and Appellant, v.
PAUL S. DUSTRUD, Defendant and Appellant;
PETER DUSTRUD, Defendant and Respondent.

**COUNSEL**

Procopio, Cory, Hargreaves & Savitch and Edward I. Silverman for Plaintiff and Appellant.

Paul S. Dustrud, in pro. per., for Defendant and Appellant.

Lawton Law Firm and Dan Lawton for Defendant and Respondent.

**OPINION**

**O'ROURKE, J.**—Edwin C. Iliff appeals an order vacating a renewed default judgment in favor of Iliff as against Paul S. Dustrud (Paul), Paul's brother Peter Dustrud (Peter) and other defendants (not parties to this appeal) and entering a new renewed default judgment against Paul only. The superior court's order was based in part on the ground the judgment as against defendants other than Paul was not renewed within 10 years of its entry in March 1991, even though it had been amended and reentered in May 1991, less than 10 years from the date of Iliff's renewal application. On appeal, Iliff contends the court erred by (1) vacating the renewed default judgment upon Peter's untimely motion; (2) concluding the 10-year period for renewal (Code Civ. Proc., §§ 683.020, 683.130, subd. (a))[1] had expired where the amended judgment superseded the original judgment; and (3) vacating the renewed judgment as against the other defendant judgment debtors who were not before the court and had not sought such relief.

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Appearing pro se, Paul appeals the order and contends: (1) he was indigent and unable to defend himself in the original case; (2) the amount of interest and attorney fees specified in the renewed judgment is incorrect; and (3) the judgment is based on false testimony.

As to Iliff, we conclude the relevant renewal statutes unambiguously state that the effective date of any judgment for purposes of enforceability and accrual of the renewal period is the date of entry and thus Iliff's renewal application was timely filed within 10 years from the date of entry of the amended judgment. As to Paul, we reject his substantive contentions for his failure to furnish an adequate record to this court. We therefore reverse the order and direct the trial court to deny the motion to vacate and to reinstate renewal of the May 29, 1991 amended judgment nunc pro tunc as of April 20, 2001.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 1989, Iliff filed a complaint against Paul, Peter and other defendants for damages relating to their work on a construction project on Iliff's property in Oceanside, California. In early March 1991, the court held a default prove-up hearing, receiving into evidence certain declarations and considering Iliff's oral testimony in support of his request for a default judgment. On March 19, 1991, the court entered judgment in Iliff's favor against Paul in the amount of $340,126 on Iliff's first through sixth causes of action, with interest from June 14, 1989, through March 8, 1991. The court awarded Iliff $35,000 in punitive damages against Paul on Iliff's fourth and sixth causes of action. The court also entered judgment against defendant D&D Drywall & Painting (D&D) for $6,952 plus prejudgment interest, as well as $3,500 in punitive damages on Iliff's seventh cause of action. With respect to Iliff's eighth cause of action, the judgment provided that all defendants named in the judgment (Peter, Paul, D&D, Gregory Leon Wilson, Dan Sejd and Steven McCracken) would be jointly and severally liable for the amount of $340,126 plus prejudgment interest. The judgment concluded: "IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall be entitled to an aggregate award against all defendants named in this judgment in the amount of $340,126, with interest thereon at the legal rate from June 14, 1989 through March 8, 1991, plus reasonable attorneys' fees and costs, postjudgment interest and punitive damages as awarded."

On May 29, 1991, for reasons not apparent from the record, the court entered an amended judgment in Iliff's favor. That judgment was identical to the first, except it omitted the last paragraph and inserted the following three paragraphs:

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that all defendants named in the judgment shall be jointly and severally liable to plaintiff in the aggregate amount of $340,126, with interest thereon at the legal rate from June 14, 1989 through March 8, 1991 in the sum of $59,987.52 plus reasonable attorneys' fees and costs in the sum of $18,499.75, for a total judgment award of $418,613.27, plus postjudgment interest.

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall be entitled to a further award of punitive damages against defendant Paul Dustrud in the amount of $35,000.

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall be entitled to a further award of punitive and exemplary damages against [D&D] in the amount of $3,500."

On April 20, 2001, Iliff applied for renewal of the amended judgment. Shortly thereafter the superior court issued notices of renewal of the judgment against Peter, Paul, and the other defendants identified in the amended judgment. On May 7, 2001, Iliff served the notices of renewal on Paul, Peter and the remaining defendants.

On July 3, 2001, Peter moved under sections 683.170 and 473, subdivision (d) to set aside the renewal of the judgment on the ground the default judgment was void for improper service by publication.[2] Iliff opposed the motion. At some point, the court requested the parties brief whether Iliff timely filed his application for renewal on April 20, 2001, which was more than 10 years after entry of the original March 1991 judgment but within 10 years of entry of the May 1991 amended judgment. After continuing the hearing and considering arguments on that question, the court ruled: (1) As to Paul, who had filed for bankruptcy in January 2001, Iliff's renewal application was timely because the 10-year period had been extended for 30 days following termination of the automatic stay under federal bankruptcy law (11 U.S.C. § 108); and (2) as to Peter and the other defendants identified in the judgment, the renewed judgment was unenforceable and would be vacated because Iliff's application was filed more than 10 years after entry of the March 19, 1991 judgment. It rejected Peter's arguments as to improper service by publication, finding the service was proper and Peter had

---

[2]The record suggests, and Iliff states in his brief that Paul also filed papers in response to the notices of renewal. Those papers are not contained in the record before us. Because the trial court's order referred to a single motion to vacate renewal brought by both Peter and Paul, we will consider both to have been parties to the motion.

notice of the proceedings before entry of any judgment. Citing section 1710.40, subdivision (c), the court ordered entry of a different renewed judgment as against Paul only. That judgment was filed on October 29, 2001, and entered nunc pro tunc as of April 20, 2001. Both Paul and Iliff appeal.

DISCUSSION

I. <i>Iliff's Appeal</i>

A. *Timeliness of Peter's Motion to Set Aside the Renewal of Judgment*

 Iliff first contends Peter's motion to set aside the default judgment was untimely under section 683.170[3] because it was filed more than 30 days after he served his notice of renewal. However, while Iliff challenged the timeliness of Peter's motion under section 473, subdivision (d), he never raised the 30-day time limit of section 683.170, subdivision (b) in the trial court. He has consequently waived the argument here on appeal. (*In re Marriage of Eben King & King* (2000) 80 Cal.App.4th 92, 117 [95 Cal.Rptr.2d 113] ["It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal"].)

B. *Calculation of 10-year Renewal Period*

 Iliff's primary contention is that the 10-year period within which a judgment creditor must renew a judgment (§§ 683.130, subd. (a), 683.020) commenced upon entry of the amended judgment entered in May 1991, not from entry of the original judgment entered in March 1991, and that the court erred by concluding otherwise. Based on the plain language of the renewal statutes, we agree the trial court erred in its order vacating renewal of the amended judgment.

---

[3]Section 683.170 provides in part: "(a) The renewal of a judgment pursuant to this article may be vacated on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect . . . . [¶] (b) Not later than 30 days after service of the notice of renewal pursuant to Section 683.160, the judgment debtor may apply by noticed motion under this section for an order of the court vacating the renewal of the judgment. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. [¶] (c) Upon the hearing of the motion, the renewal may be ordered vacated upon any ground provided in subdivision (a), and another and different renewal may be entered, including, but not limited to, the renewal of the judgment in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount."

The issue presented is one that we review de novo, since its resolution turns on interpreting the pertinent statutes and applying them to undisputed facts. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]; *McMillin-BCED/Miramar Ranch North v. County of San Diego* (1995) 31 Cal.App.4th 545, 553 [37 Cal.Rptr.2d 472].) When interpreting a statute, we look first to the language of the statute itself, and its plain meaning controls unless the words are ambiguous. (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].) "[O]ur Supreme Court has noted: ' "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . ." ' " (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200 [106 Cal.Rptr.2d 854] (*Fidelity Creditor*).)

Under section 683.010, "[e]xcept as otherwise provided by statute or in the judgment, a judgment is enforceable under this title upon entry." Section 683.020 provides: "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property: [¶] (a) The judgment may not be enforced." Section 683.130, subdivision (a) provides in part that a lump-sum money judgment may be extended by renewal of the judgment "at any time before the expiration of the 10-year period of enforceability."

These provisions need no judicial construction. The statutory language is unambiguous and we abide by its plain and straightforward terms. " 'The 10-year period provided by Section 683.020 . . . commences on the date of *entry*' " (*Fidelity Creditor, supra,* 89 Cal.App.4th at p. 201, italics added, citing Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 683.050, p. 75) and not upon any other procedural or substantive event. Thus, a party in whose favor a judgment has been rendered is entitled to execution immediately upon entry. (*Phillips v. Patterson* (1939) 34 Cal.App.2d 481, 484 [93 P.2d 807].) By the statute's plain terms this rule applies to any money judgment (or judgment for possession or sale of property) regardless of whether it be a modified or amended judgment, and without regard to finality. Upon entry by the clerk, any such judgment is enforceable for a 10-year period.

We are convinced the Legislature intended a bright-line rule when it enacted the statutory renewal procedure in 1982. (Stats. 1982, ch. 1364, § 2, p. 5073 et seq.) As explained by the *Fidelity Creditor* court, this procedure is different from, and "was not intended to replace the then existing method to extend the life of a judgment—an independent action on the judgment." (*Fidelity Creditor, supra,* 89 Cal.App.4th at p. 201.) The Law Revision

Commission comment to the statute authorizing separate actions on judgments (§ 683.050) demonstrates the 10-year period of enforcement—unlike the 10-year limitation period to bring an action on the judgment—does not depend on the judgment's finality: "Section 683.050 makes clear that the 10-year period of enforcement prescribed by Section 683.020 and the renewal procedure provided by Article 2 (commencing with Section 683.110) do not affect the right to bring an action on a judgment. The limitation period for commencing the action is prescribed by Section 337.5. The 10-year period provided by Section 683.020 and the 10-year statute of limitations provided by Section 337.5 are not coterminous. The period prescribed in Section 683.020 commences on the date of entry and is not tolled for any reason. The statute of limitations commences to run when the judgment is final [citation] and may be tolled such as by the debtor's absence from the state (see Section 351)." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., *supra*, foll. § 683.050, p. 75; accord, *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 638 [5 Cal.Rptr.2d 733].) We need not look to the rules Iliff relies upon relating to amended judgments and the time for appeal (see *CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048 [59 Cal.Rptr.2d 382]), because those rules involve a determination of which judgment is the final appealable judgment. Given the straightforward statutory renewal procedure, the trial court erred when it concluded Iliff untimely filed his application for renewal.

Because we reverse the court's order vacating the renewed judgment with directions to deny the motion to vacate and to reinstate the April 2001 renewal of the May 1991 amended judgment, we need not address Iliff's contentions as to the propriety of its order as to the remaining defendants.

■ However, we do address and reject Peter's contention that both the original and amended judgments, even if timely renewed, are void *ab initio* and must be vacated on the ground Iliff failed to achieve proper service by publication on him. We agree the evidence and trial court's ruling in this respect must be reviewed in the light most favorable to the order and for abuse of discretion. (*Fidelity Creditor, supra*, 89 Cal.App.4th at p. 199.) Peter does not apply these standards; he merely repeats his substantive argument before the trial court that Iliff's "perfunctory" and "suspect" attempts to serve Peter did not establish reasonable diligence, and thus the service by publication did not effect lawful service. Peter has not demonstrated the trial court's order is without substantial evidentiary support, nor has he established its ruling exceeded the bounds of reason. We reject his contention.

## II. *Paul's Appeal*

Iliff contends we lack jurisdiction to consider Paul's appeal because as to him, the court's minute order is a nonappealable postjudgment order. Alternatively, he contends Paul has failed to present an adequate record on appeal indicating what issues he presented and litigated to the trial court, and on that ground, the trial court's minute order renewing the original judgment against him should be affirmed. As indicated above, however, we have reversed that order, only to direct the superior court to deny the motion to vacate and to reinstate the April 2001 renewal of the May 1991 amended judgment, in which Paul is a judgment debtor.

Notwithstanding the procedural quagmire presented by this matter, we will address Paul's substantive arguments only to reject them for lack of an adequate record on appeal demonstrating error. Paul first contends he was indigent and could not adequately defend himself in the proceedings leading up to the March 14, 1991 default judgment, and that the default judgment was obtained by false evidence. Assuming these arguments could properly be made on this appeal, as Iliff points out, they are not supported by any *record* evidence establishing Paul's indigent status or the truth or falsity of the evidence underlying the default judgment. There is no indication the attached exhibit 1 to Paul's brief—a page of a Web site and a color photograph—were before the trial court, and Paul does not establish how this document is judicially noticeable or of any evidentiary value on appeal. Nor are Paul's arguments supported by any authority demonstrating prejudicial error. On these grounds alone, we reject the contentions. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [240 Cal.Rptr. 872, 743 P.2d 932] [appealed judgments and orders are presumed to be correct; and appellant has the burden of overcoming this presumption by affirmatively showing error based on an adequate record]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

With respect to the renewed judgment, Paul contends it is incorrect for three reasons. First, Paul asserts the judgment is incorrect in its amount under section 1710.40, subdivision (a)[4] because the amount of interest is incorrect. However, Paul does not explain how the interest was incorrectly calculated in either the renewed judgment or any other judgment. His bare assertion provides no basis for us to reverse the renewed judgment.

---

[4]Section 1710.40, subdivision (a) provides: "A judgment entered pursuant to this chapter ['Sister State Money Judgments'] may be vacated on any ground which would be a defense to an action in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment entered pursuant to this chapter is incorrect."

Second, citing section 1710.55,[5] Paul contends the renewed judgment is incorrect on the apparent ground Iliff is continuing to enforce the original default judgment against him in Oregon even after the trial court vacated that judgment. Again, there is no record evidence or authority to support this proposition, and we are unclear as to the applicability of the cited provision, which places restrictions on entry of a California judgment based on a sister state judgment. This contention similarly provides no basis for us to reverse the renewed judgment.

Finally, Paul contends the renewed judgment is incorrect in its award of attorney fees because they are disproportionate to his liability in the case, i.e., they should be 1/50th of the amount of the attorney fees awarded. Paul has not provided a record from which we may determine the legal basis for the award or how it was calculated, and he has cited no authority to support reversal of the attorney fee award on any ground. By taking this appeal, Paul "assumed 'the burden of showing reversible error by an adequate record.' " (*Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1433 [77 Cal.Rptr.2d 574].) Adhering to the rule that an order is presumed correct unless the appellant has affirmatively demonstrated otherwise (*In re Marriage of Cochran* (2001) 87 Cal.App.4th 1050, 1056 [104 Cal.Rptr.2d 920]), we are compelled to reject this last contention.

## DISPOSITION

The order is reversed and the matter remanded with directions that the trial court deny the motion to vacate and reinstate renewal of the May 29, 1991 amended judgment nunc pro tunc as of April 20, 2001. Iliff shall recover his costs on appeal.

Huffman, Acting P. J., and McIntyre, J., concurred.

A petition for a rehearing was denied May 12, 2003, and the opinion was modified to read as printed above.

---

[5]Section 1710.55 provides: "No judgment based on a sister state judgment may be entered pursuant to this chapter in any of the following cases: [¶] (a) A stay of enforcement of the sister state judgment is currently in effect in the sister state. [¶] (b) An action based on the sister state judgment is currently pending in any court in this state. [¶] (c) A judgment based on the sister state judgment has previously been entered in any proceeding in this state."