Filed 3/3/14  Tindel v. Rowland CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BARRY TINDELL et al., Plaintiffs and Appellants, v. JAMES T. ROWLAND et al., Defendants and Respondents. | F066684 (Super. Ct. No. CV-216340) **OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Cory J. Woodward, Judge.

Law Offices of Lann G. McIntyre, Lann G. McIntyre; Cook, Skeen & Robinson and Randall L. Skeen for Plaintiffs and Appellants.

Law Office of Sandra Kuhn McCormack and Sandra Kuhn McCormack for Defendants and Respondents.

-ooOoo-

Judgment debtors appeal from the denial of their motion to vacate the renewal of the money judgment against them. They contend the time period for enforcement of the judgment expired before the judgment creditor filed its first application for renewal; accordingly, both the initial and the second attempted renewals of the judgment were untimely, and the motion should have been granted. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this case named "Barry Tindall" as plaintiff and alleged a contract dispute arising out of the purchase of a business, Rocky Raccoon's Super Wash and Dry, L.P. (Rocky Raccoon's). Defendants, James and Peggy Rowland, answered and cross-complained against plaintiff and Rocky Raccoon's. On July 9, 1992, the trial court entered an order confirming an arbitration award in favor of the Rowlands, which awarded them $28,555.50, plus interest, costs, and attorney fees. On November 11, 1992, judgment was entered against "Barry Tindall" and Rocky Raccoon's in accordance with the arbitration award. On December 4, 1992, the Rowlands moved to correct a clerical error in the judgment nunc pro tunc; they sought to add "aka Barry Tindell" after the name "Barry Tindall" in the judgment. The supporting declaration asserted plaintiff used two spellings of his name: Tindall was reflected in the complaint, and Tindell was used in the contracts attached as exhibits to the complaint. The Rowlands also asserted plaintiff testified in the arbitration proceeding that his name was Tindell, and this name appeared in the caption and body of the arbitration award. On January 6, 1993, the trial court entered an order granting the Rowlands' motion and ordering that the judgment and order confirming arbitration award be corrected. The corrected judgment was entered nunc pro tunc as of November 9, 1992.

All-Cal Collection Services (All-Cal) is the assignee of the Rowlands' judgment. Apparently, All-Cal attempted to file with the trial court an assignment of judgment, but the trial court returned the documents to All-Cal with the following handwritten note:

2.

"(1) Please correct header to Superior Court (2) Title of case - Barry Tindell is Plaintiff/Cross-deft., Rowlands are Defts/Cross-Complainants (3) Original judgment date is 11-11-92, corrected judgment date is 1-9-93."

On December 20, 2002, All-Cal filed an application for renewal of judgment, which indicated the judgment date was January 9, 1993. It listed Tindell's last known address as P.O. Box 2008, Van Nuys, California, 91610, and notice of renewal was mailed to Tindell at that address.

On May 11, 2012, Tindell and Rocky Raccoon's moved for an order vacating the renewal of judgment. They asserted the application for renewal was untimely because it was not filed within 10 years of the date of entry of judgment, November 9, 1992. Tindell declared he had never used the Van Nuys address and he did not receive the notice of renewal served on him at that address; he asserted the application for renewal was not properly served. Tindell asserted the renewal of judgment was void and should be vacated. The trial court filed the motion, but notified Tindell's attorney it would not be set for hearing unless it was noticed for an appropriate date.

On September 17, 2012, All-Cal submitted a second application for renewal of judgment; it served notice of renewal on Tindell at P.O. Box 2002, Toluca Lake, CA, 91610-0002, which Tindell declared is not a correct address for him. On October 29, 2012, Tindell and Rocky Raccoon's gave notice that their motion would be heard on December 17, 2012. All-Cal opposed the motion to vacate renewal of judgment, arguing the first application for renewal was timely filed, measured from the date of entry of the corrected judgment. Tindell and Rocky Raccoon's filed a motion to vacate the second renewal of judgment and set it for hearing on the same date as the motion to vacate the first renewal.

The trial court denied the motion to vacate the renewals of judgment without explanation, and Tindell and Rocky Raccoon's appeal.

## DISCUSSION

### I.      Renewal of Judgment

A money judgment may not be enforced after the expiration of 10 years after the date of entry of the judgment unless it is renewed.  (Code Civ. Proc., §§ 683.020, 683.110.)[1]  The judgment may be renewed by filing an application for renewal at any time before the expiration of the 10-year period of enforceability.  (§§ 683.120, 683.130.)  "Upon the filing of the application, the court clerk shall enter the renewal of the judgment in the court records."  (§ 683.150, subd. (a).)  The judgment is then renewed and enforceable for a period of 10 years from the date the renewal application was filed.  (§ 683.120.)

The judgment creditor must serve a notice of renewal of the judgment on the judgment debtor.  (§ 683.160, subd. (a).)  Service must be made personally or by first-class mail and, until proof of such service is filed with the court, proceedings for enforcement of the renewed judgment may not be commenced.  (§ 683.160, subds. (a) & (b).)  The judgment debtor may, within 30 days after service of notice of renewal, move for an order vacating the renewal of judgment.  (§ 683.170, subd. (b).)  "The renewal of a judgment … may be vacated on any ground that would be a defense to an action on the judgment …."  (§ 683.170, subd. (a).)

### II.      Standard of Review

"The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under section 683.170.  [Citations.]  On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion."  (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 199.)  "'The abuse of discretion standard is not a

---

[1]      All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.] We reverse the judgment only if in the circumstances of the case, viewed most favorably in support of the decision, the decision exceeds 'the bounds of reason' [citation], and therefore a judge could not reasonably have reached that decision under applicable law [citations]." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.)

### III. Timeliness of Tindell's Motion to Vacate the Renewal of Judgment

All-Cal filed its first application for renewal of judgment on December 20, 2002. If Tindell wished to challenge the 2002 renewal of judgment, he was required to file his motion to vacate within 30 days after service on him of a notice of renewal. On January 8, 2003, All-Cal attempted to serve a notice of renewal of judgment on Tindell by mailing the notice to P.O. Box 2008, Van Nuys, California, 91610.

All-Cal was required to serve notice of renewal on Tindell himself (rather than his attorney) at his "current mailing address if known or, if unknown, at the address last given by [him] on any paper filed in the proceeding and served on the party making the service." (§§ 684.120, subd. (a)(2), 684.020, subd. (a).) If the notice could not be mailed to either of these addresses, then it was required to be mailed to Tindell at his last known address. (§ 684.120, subd. (a)(3).)

Tindell's declaration stated that the Van Nuys address to which notice was given was never his current address. Generally, the documents filed with the court on behalf of Tindell were filed by his attorney and bore the attorney's address. Contractual documents included as exhibits to the complaint reflected these addresses for Tindell: 3150 Panama Ln. 4D, Bakersfield, California, 93313 (the address of the leased premises of the business that was the subject of the litigation), and P.O. Box 2002, Toluca Lake, California, 91602. An abstract of judgment prepared by the Rowlands' attorney and

issued by the court on March 18, 1993, reflected Tindell's address as 4757 Arcola Avenue, Toluca Lake, California, 91602, which Tindell acknowledges was his correct address. Thus, Tindell's evidence indicated the Van Nuys address to which All-Cal mailed the notice was neither Tindell's current mailing address nor the address last given by him on any paper filed in the trial court proceeding; further, because it was never Tindell's current address, the Van Nuys address also was not his last known address.

All-Cal asserts the validity of the Van Nuys address by arguing it was the address for Tindell reflected on the 1995 assignment by which the Rowlands assigned the judgment to All-Cal. That document was an agreement between the Rowlands and All-Cal, apparently prepared by All-Cal's attorney. All-Cal presented no evidence regarding how the address in the assignment was obtained; it presented no evidence that Tindell provided the address or that anyone involved in the preparation of the assignment had personal knowledge of Tindell's correct address. All-Cal presented the declaration of R.J. Hoenike, president of All-Cal, which states "[t]he Credit Report from January 10, 1996 also had the same Van Nuys address of Barry Tindell." This credit report was not identified or presented as evidence; neither the source of the report nor the source of the information on which it was based was explained.

Hoenike also declared that he "did a computer search and one of the addresses for Barry Tindell was P.O. Box 2008, Van Nuys, California 91404." The attached printout of the search result seems to indicate it was generated in 2012. It lists 11 addresses for Barry Tindell, followed by dates, which may or may not represent the dates the addresses were used. The first address on the list is Arcola Ave., N. Hollywood, California, 91602, which is checked as the probable current address. The second address listed is one acknowledged by Tindell as a correct address: P.O. Box 2008, Toluca Lake, California, 91610. The fifth address on the list is also one Tindell acknowledges as a correct address: 4757 Arcola Ave., Toluca Lake, California, 91602. The address used by All-Cal appears as the fourth address on the list.

6.

All-Cal's computer printout contains a disclaimer: "The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified." Thus, the printout itself discloses the unreliability of the information it contains.

There was no substantial evidence to support a conclusion that the address to which All-Cal mailed the notice of renewal of judgment in 2003—P.O. Box 2008, Van Nuys, California, 91610—was Tindell's then-current mailing address, the address last given by him on any paper filed in the trial court proceeding, or his last known address. Accordingly, there is no support for a conclusion that the date of mailing of notice of renewal of judgment to Tindell at that address triggered a 30-day period to file a motion challenging renewal of the judgment. Proper notice was not given and Tindell's motion filed in May 2012 was not untimely.

## IV. Timeliness of All-Cal's Application for Renewal

An application for renewal of judgment must be filed within the 10-year period during which the judgment is enforceable. (§§ 683.020, 683.130, subd. (a).) The 10-year period commences on the date of entry of the judgment. (§§ 683.010, 683.020.) In courts that keep a judgment book, the date the judgment is entered in the judgment book is the date of entry of the judgment. (§ 668; *Palmer v. GTE California, Inc*. (2003) 30 Cal.4th 1265, 1267-1268, fn. 2 (*Palmer*).) In courts that do not keep a judgment book, the judgment is entered on the date it is filed, as shown by the file stamp. (§ 668.5; *Palmer, supra*, at p. 1268, fn. 2; *County of Los Angeles v. Ranger Ins. Co*. (1994) 26 Cal.App.4th 61, 63, 65.)

The original judgment in this case is file stamped November 10, 1992. It is also stamped "ENTERED NOV 11 1992" and "BOOK 1185 PAGE 35." Thus, the original judgment was entered no later than November 11, 1992.

After judgment was entered, the Rowlands moved to correct nunc pro tunc both the judgment and the order confirming the arbitration award to add "aka Barry Tindell" after the name Barry Tindall wherever it appeared. The Rowlands asserted that, although the complaint named "Barry Tindall" as plaintiff, plaintiff testified at the arbitration that his name was Barry Tindell, and this was the name reflected in the contractual documents attached to the complaint. Additionally, the arbitrator's award reflected plaintiff's name as Tindell. The trial court granted the Rowlands' motion and, on January 6, 1993, ordered that a corrected judgment be entered nunc pro tunc to November 9, 1992, the date the original judgment was signed by the judge.

Tindell and Rocky Raccoon's argue that the 10-year period for enforcement of the judgment, and the period within which an application for renewal was required to be filed, ran from the date of entry of the original judgment because the corrected judgment was entered nunc pro tunc. They argue the time period had already expired when the application was filed on December 20, 2002, so the judgment was never properly renewed and became unenforceable after November 11, 2002. All-Cal argues the 10-year period ran from the date of the corrected judgment, which it represents was either January 5, 1993, or January 9, 1993. Using that date, the application for renewal filed on December 20, 2002, was timely, as was the second application, filed on September 17, 2012.

All-Cal cites *Iliff v. Dustrud* (2003) 107 Cal.App.4th 1201 (*Iliff*) for the proposition that the period of enforceability begins with the filing of the corrected judgment. In *Iliff*, a default judgment was entered in favor of Iliff and against the defendants on March 19, 1991. On May 29, 1991, "for reasons not apparent from the record," the trial court entered an amended judgment identical to the first, except that the final paragraph was changed to reflect the amount of interest, attorney fees, and costs to be included in the judgment, and added awards of punitive damages. (*Id*. at pp. 1204-1205.) Iliff applied for renewal of judgment on April 20, 2001. On the motion of one of

8.

the defendants to vacate the renewal, the trial court ruled the renewed judgment was unenforceable because the application for renewal was filed more than 10 years after entry of the March 19, 1991, judgment. (*Id*. at pp. 1205-1206.)

The appellate court reversed. It interpreted the plain language of section 683.010, that "a judgment" is enforceable upon entry, and "'a money judgment'" is not enforceable more than 10 years after the date of entry, to unambiguously provide that "any money judgment … regardless of whether it be a modified or amended judgment, and without regard to finality," is enforceable upon entry by the clerk for a period of 10 years. (*Iliff, supra*, 107 Cal.App.4th at p. 1207.)

*Iliff*, however, did not deal with a corrected judgment entered nunc pro tunc as of the date of entry of the original judgment. "A nunc pro tunc order or judgment is one entered as of a time prior to the actual entry, so that it is treated as effective at the earlier date. This retroactive entry is an exercise of the inherent power of the court, the object being to do justice to a litigant whose rights are threatened by a delay that is not the litigant's fault." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 60, p. 595; *Williamson v. Plant Insulation Co.* (1994) 23 Cal.App.4th 1406, 1415.) "[A] nunc pro tunc order is generally limited to correcting clerical errors .…" (*People v. Borja* (2002) 95 Cal.App.4th 481, 485.) It "'"cannot declare that something was done which was not done."' [Citation.]" (*Ibid*.) "In determining what are clerical errors [citation] '… "clerical" is employed in a broad sense as contra-distinguished from "judicial" error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.'" (*Davis v. Rudolph* (1947) 80 Cal.App.2d 397, 406.) Clerical errors in the names of parties may be corrected nunc pro tunc. (*In re Estate of Goldberg* (1938) 10 Cal.2d 709 [correcting omission of the name of a distributee under a will in the decree of distribution]; *Boust v. Superior Court* (1912) 162 Cal. 343 [adding the names of the defendants against whom judgments were ordered in the captions and bodies of the judgments].)

9.

"""""The function of a nunc pro tunc order is merely to correct the record of the judgment and not to alter the judgment actually rendered—not to make an order now for then, but to enter now for then an order previously made.""""" (*Hamilton v. Laine* (1997) 57 Cal.App.4th 885, 890.)  This was the purpose of the correction in this case.  The complaint named plaintiff as Barry Tindall.  The arbitration award referred to him throughout as Barry Tindell, apparently because he testified to that spelling of his name.  The order confirming the arbitration award and the judgment, however, continued to reflect his name as Tindall.  All-Cal's assignors, the Rowlands, moved to correct the spelling of Tindell's name in the order confirming arbitration award and in the judgment, to reflect both spellings.  The judgment was intended to be entered against the party who appeared as plaintiff and cross-defendant in the arbitration proceeding.  That party's name was spelled differently by him in his pleadings and in his contracts and testimony.  The correction to the judgment was made to reflect the correct spelling of his name.

The Rowlands specifically requested that the correction be made nunc pro tunc.  The court granted that request, which benefited the Rowlands by making it clear that Tindell's time to appeal did not begin to run again as of the date of entry of the corrected judgment.[2]  All-Cal essentially asks that this court disregard the nunc pro tunc nature of the correction its assignor asked for and received.  This we cannot do.  Judgment was entered on or about November 11, 1992.  The correction was made nunc pro tunc as of

---

**2**      See *CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048, which states:  "'"When the trial court amends a nonfinal judgment in a manner amounting to a *substantial modification* of the judgment … , the amended judgment supersedes the original and becomes the appealable judgment (there can be only one "final judgment" in an action …).  Therefore, a new appeal period starts to run from notice of entry or entry of the *amended* judgment.…  On the other hand, if the amendment merely corrects a *clerical error* and does not involve the exercise of judicial discretion, the original judgment remains effective as the only appealable final judgment; the amendment does *not* operate as a new judgment from which an appeal may be taken.' [Citations.]"

November 9, 1992. All-Cal's first application for renewal of the judgment was not filed until December 20, 2002, more than 10 years after judgment was entered. Consequently, the application was not timely filed and could not have the effect of renewing the judgment for another 10 years. All-Cal's second application for renewal, filed September 17, 2012, was likewise ineffective because it was filed long after the judgment had become unenforceable; there was, at the time the second application was filed, no enforceable judgment to renew.

There was no substantial evidence to support a finding that All-Cal's first application for renewal of the judgment was timely filed. Consequently, the trial court abused its discretion by denying the motion of Tindell and Rocky Raccoon's to vacate the renewal of judgment.

## DISPOSITION

The order denying the motion of Tindell and Rocky Raccoon's to vacate renewal of the judgment is reversed. The trial court is directed to enter a new and different order granting the motion and vacating the 2002 and 2012 renewals of the judgment. Appellants are entitled to their costs on appeal.

_____

Kane, J.

WE CONCUR:


_____

Levy, Acting P.J.


_____

Poochigian, J.

11.