Filed 6/12/26  Stanley v. Cintora CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CLIFFORD JEFFREY STANLEY, Individually and as Trustee, etc., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> RAMIRO CINTORA et al., <br><br> Defendants and Appellants. | H052304 <br> (Santa Clara County <br> Super. Ct. No. 23CV409970) <br><br> ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING <br><br> NO CHANGE IN JUDGMENT |

Plaintiffs' petition for rehearing is denied.  The court orders that the opinion filed May 15, 2026 be modified as follows, without change in the judgment:

The word "Defendants" is changed to "Plaintiffs" in the last line on page 7.

_____

Grover, Acting P. J.

_____

Lie, J.

_____

Bromberg, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CLIFFORD JEFFREY STANLEY, Individually and as Trustee, etc., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> RAMIRO CINTORA et al., <br><br> Defendants and Appellants. | H052304 <br> (Santa Clara County <br> Super. Ct. No. 23CV409970) |

Clifford Jeffrey Stanley and Cynthia Ann Stanley, individually and as trustees of The Stanley Family Trust (plaintiffs), sued Ramiro Cintora and the Joseph Farzam Law Firm in 2023 for quiet title, cancellation of instrument, and declaratory relief relating to a judgment lien the defendants recorded against plaintiffs' real property in 2019.  The trial court determined the enforcement period for the underlying judgment had expired and granted plaintiffs' motion for summary judgment on that basis.  (Code Civ. Proc., § 683.020.)  As we will explain, we conclude the underlying judgment was amended within the enforcement period, which restarted the period on entry of the operative fourth amended final judgment in 2016.  We will therefore reverse the summary judgment.

## I.  BACKGROUND

### A.  UNDERLYING JUDGMENTS

In July 2011, a Los Angeles County jury returned a special verdict that found Bad Boys Bail Bonds, Inc. negligent in mistakenly arresting Cintora.  Bad Boys Bail Bonds, Inc. is Stanley's predecessor in interest.  (We use the name Stanley throughout to refer to

plaintiff Clifford Jeffrey Stanley.) According to the minute order from entry of judgment on the special verdict, the court provided Cintora's counsel with an order detailing the amount of waived trial and jury fees.

In November 2011, the court entered a second amended final judgment adding awarded costs to the judgment, and defendants recorded an abstract of judgment with the Santa Clara County Recorder's office in 2012. The second amended final judgment did not mention the waived court fees. The court instructed Cintora to amend the judgment to reflect the fee waiver weeks after the hearing on the proposed second amended final judgment.

In January 2016, the court granted Cintora's motion to add Stanley to the judgment as Bad Boys' alter ego and successor in interest. The court described the amendment as "an equitable procedure based on the theory that the [c]ourt is not amending the judgment to add a new defendant, but is merely inserting the correct name of the real defendant." The court again instructed Cintora to include the lien for waived fees in a proposed third amended final judgment. (Gov. Code, § 68637, subd. (b)(1).) Stanley and Bad Boys objected to the proposed third amended final judgment and argued the court lien should be deducted from Cintora's recovery. The court overruled the objection to the lien and instructed Cintora to file a proposed fourth amended final judgment.

The fourth amended final judgment was entered in May 2016. It provided that Bad Boys must pay the waived court fees directly to the court "in accordance with the [c]ourt's [c]ivil [m]inute [o]rder dated July 1, 2011." It also added Stanley to the judgment as Bad Boys' alter ego and successor in interest, and it specified that interest would accrue from the date of entry of the original 2011 judgment.

## B. CURRENT LITIGATION

In April 2019, defendants recorded an amended abstract of judgment on plaintiffs' Santa Clara County property based on the fourth amended final judgment. (The property

2

is owned by The Stanley Family Trust, of which Clifford Jeffrey Stanley and Cynthia Ann Stanley are individual trustees.) After plaintiffs sold the property in 2022 encumbered by the judgment lien, they sued defendants in Santa Clara Superior Court for quiet title, cancellation of instrument, and declaratory relief. Plaintiffs alleged the amended abstract of judgment operated as an unenforceable cloud on title, as it was based on a non-renewed judgment more than 10 years old.

Overruling defendants' demurrer, the court determined the judgment enforcement period commenced on entry of the second amended final judgment in 2011 and therefore expired in 2021. The complaint alleged the fourth amended final judgment merely added Stanley as an alter ego judgment debtor, and the trial court determined the sole modification was an equitable procedure that did not restart the enforcement period.

Plaintiffs moved for summary judgment, or in the alternative summary adjudication on each of the three causes of action. They argued entry of the second amended final judgment was controlling because the addition of an alter ego judgment debtor in the fourth amended final judgment did not restart the 10-year enforcement period, and the reference to the court's lien for waived fees was a clerical modification that added no new award to the judgment. Plaintiffs noted the trial court had already decided the issue of enforceability in overruling the demurrer. Defendants argued the 10-year enforcement period was renewed upon entry of the fourth amended final judgment.

The trial court granted plaintiffs' motion for summary judgment in what it stated was a "close call." (It denied on procedural grounds plaintiffs' alternative request for summary adjudication on each cause of action.) The trial court agreed that the addition of an alter ego judgment debtor was an equitable procedure that did not restart the enforcement period. It also found the court lien added no new costs to the second amended final judgment, as the waived costs were previously recorded in the July 2011 minute order and their omission from the earlier judgments appeared to be an oversight contrary to the court's intent; the judgment amount also remained the same from the

3

parties' perspectives because the judgment debtor was required to pay the lien to the court regardless of whether it was included in the judgment. The court entered judgment in plaintiffs' favor, leading to this timely appeal.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no triable issue of material fact as to each element of a particular cause of action such that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c) & (p)(1); undesignated statutory references are to this Code.) Courts determine a summary judgment motion under a three-step process. (*Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 503.) First, the court identifies the issues framed by the pleadings. (*Ibid.*) Second, the court considers whether the moving party has met its burden to establish or refute each element of a cause of action. (§ 437c, subds. (p)(1) & (p)(2).) Third, if the moving party has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the opposing party to produce evidence of a triable issue of material fact as to the cause of action or defense. (§ 437c, subds. (p)(1) & (p)(2).) In determining whether the parties have met their respective burdens, a court must liberally construe the evidence and resolve any doubts in favor of the party opposing the motion. (*Sharufa v. Festival Fun Parks, LLC* (2020) 49 Cal.App.5th 493, 497.) We review an order granting summary judgment de novo. (*Ibid.*)

### B. PLAINTIFFS ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW

Plaintiffs' claims for quiet title, cancellation of instrument, and declaratory relief require a showing that they are entitled to full interest in real property free of any interest claimed by defendants. (See *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 291–294 (*Weeden*).) Plaintiffs allege they have full interest in their real property because the recorded amended abstract of judgment is based on an expired judgment. Plaintiffs characterize the underlying fourth amended final judgment as a nunc pro tunc order

4

relating back to the second amended final judgment. Defendants argue adding the court lien and an alter ego judgment debtor in the fourth amended final judgment renewed the enforcement period because the earlier judgments did not fully determine the parties' obligations. (Plaintiffs assert defendants' brief does not comply with rule 8.204 of the California Rules of Court concerning the formatting of appellate briefs. We exercise our discretion to disregard the minor deficiencies noted and focus on the merits of the appeal.)

Whether non-substantive additions rendered the underlying fourth amended final judgment expired and the associated lien extinguished is a question of law, which we review de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) As in any case in which we must interpret a statute, our fundamental task is to determine the Legislature's intent to effectuate the law's purpose. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 (*Murphy*).) We first examine the statute's words and give them a plain and commonsense meaning. (*Ibid.*) We consider the language of the entire scheme and related statutes, harmonizing the terms when possible. (*Ibid.*) When the language of a statute is clear, we need not review extrinsic aids such as legislative history and public policy. (*In re M.M.* (2012) 54 Cal.4th 530, 536.)

A lien created pursuant to a money judgment is extinguished 10 years after entry of the judgment absent the judgment's renewal before expiration of the 10-year period. (§§ 683.020, subds. (a) & (c), 683.130, subd. (a).) The statutory language requires no judicial construction. Section 683.020 unambiguously states that an underlying money judgment becomes unenforceable, thereby also extinguishing any pertinent lien, 10 years after "the date of entry of [the] money judgment." (§ 683.020, subds. (a) & (c).) Under the plain language of the statute, the content of the judgment plays no role in the enforcement period. Related statutes also list the date of entry of a judgment as the controlling event. (See §§ 683.010 ["a judgment is enforceable under this title upon

5

entry"], 697.310, subd. (b) [a judgment lien on real property "continues until 10 years from the date of entry of the judgment"].)

The Legislature intended to create a "bright line rule" when enacting the statutory enforcement scheme. (*Iliff v. Dustrud* (2003) 107 Cal.App.4th 1201, 1207.) In *Iliff*, the court interpreted the relevant statutes addressing enforcement and renewal of a money judgment and concluded the 10-year period to renew a judgment commences anew upon entry of any amended judgment. (*Id.* at pp. 1207–1208; see also *Hacker v. Fabe* (2023) 92 Cal.App.5th 1267, 1278.) There the plaintiff had applied to renew an amended judgment more than 10 years after entry of the original judgment but within 10 years after entry of the amended judgment. (*Iliff*, at pp. 1204–1205.) The amended judgment included amounts for prejudgment interest, attorney fees and costs, and punitive damages awarded in the original judgment (*ibid.*), but the extent of the amendments played no role in the outcome. (*Id.* at p. 1207.) Instead, based on the "unambiguous" statutory language, the *Iliff* court determined the 10-year enforcement period commences on the date of entry of a money judgment "regardless of whether it be a modified or amended judgment, and without regard to finality." (*Ibid.*) It found the plaintiff's application for renewal was therefore timely. (*Id.* at p. 1208.) Similarly in *In re Marriage of Wilcox*, the court concluded that renewal of a judgment was timely sought within 10 years after entry of an amended judgment. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 502.) Abiding by the plain and straightforward statutory language, we conclude that the entry of any amended judgment restarts the 10-year enforcement period. (*Murphy*, *supra*, 25 Cal.4th at p. 142.)

Even under the statutory interpretation advanced by plaintiffs, the amended judgment represented a modification of the original. The fourth amended final judgment was the first judgment to record liability for the waived court fees. When entering judgment in favor of Cintora, the Los Angeles County Superior Court was obliged to "include an order requiring that the party against whom judgment or dismissal has been

6

entered pay to the court the waived fees and costs." (See Gov. Code, § 68637, subd. (b)(1).) The July 2011 minute order recorded that the court provided Cintora's counsel with an order detailing the amount of waived court fees, but the court had not yet imposed that liability for the court lien. Instead, after a hearing on the second amended final judgment, Cintora was directed to include the lien in a further amended judgment. Significantly, Stanley and Bad Boys then objected to the lien's inclusion in the proposed third amended final judgment, arguing unsuccessfully that the lien should be deducted from the amount owed to Cintora. Without supporting authority, plaintiffs assert that we should ignore the lien's inclusion in the fourth amended final judgment because Stanley would be liable for the lien by operation of Government Code section 68637, subdivision (b)(1). Notwithstanding the statutory mandate, we do not view the lien as mere surplusage.

Nor have plaintiffs shown that the fourth amended final judgment was a nunc pro tunc order relating back to the second amended final judgment. A nunc pro tunc order "is generally limited to correcting clerical errors." (*People v. Borja* (2002) 95 Cal.App.4th 481, 485.) The addition of the court lien in the fourth amended final judgment could not correct a clerical error in an earlier order or judgment where liability for the lien had not been previously addressed. Plaintiffs argue the Los Angeles and Santa Clara courts clearly viewed the fourth amended final judgment as relating back to the second amended final judgment. We acknowledge that the Los Angeles Superior Court intended the court lien to be included in an earlier judgment before the fourth amended final judgment was entered. But " 'a nunc pro tunc order cannot declare that something was done which was not done.' " (*Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 256.)

Even assuming the addition of the court lien did not alter the fourth amended final judgment, the amendment also added Stanley as an alter ego judgment debtor. Defendants argue, and the trial court agreed, that the addition of an alter ego is an

7

equitable procedure that does not restart the enforcement period. Courts have described the addition of an alter ego judgment debtor as "an equitable procedure … not amending the judgment to add a new defendant" when addressing due process concerns regarding proper notice and representation. (*Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 508; accord, *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778–779.) But given that the judgment could not be enforced against Stanley until he was added by amendment as an alter ego debtor, operation of the statute's plain language as interpreted in *Iliff* does not present comparable concerns in the context presented here.

At oral argument, plaintiffs' counsel asserted section 683.010 demonstrates that the Legislature intended to avoid a bright-line rule when enacting the 10-year enforcement statute. Section 683.010 states that a judgment is enforceable upon entry "[e]xcept as otherwise provided … in the judgment." (§ 683.010.) We are not required to consider any point made for the first time at oral argument. (*People v. Arredondo* (2019) 8 Cal.5th 694, 710, fn. 5.) Counsel also acknowledged the cases cited in his briefing do not analyze the specific statutory language that he now asks us to rely on. That language could affect the date a judgment becomes enforceable, but it does not purport to affect the period for enforcing a judgment.

We conclude on this record that the operative 10-year enforcement period commenced in May 2016 with the entry of the fourth amended final judgment. It follows that because defendants' judgment lien was based on an unexpired judgment, plaintiffs have not established an unencumbered interest in the subject property and entitlement to judgment as a matter of law. (See *Weeden*, *supra*, 70 Cal.App.5th at pp. 291–294.)

### III.   DISPOSITION

The summary judgment is reversed. Defendants shall recover costs on appeal by operation of California Rules of Court, rule 8.278(a).

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Bromberg, J.

H052304
*Stanley, Individually and as Trustee, etc., et al. v. Cintora et al.*